JUDGE ROBERTSON
delivered the opinion of the court.
Benjamin Berry, of "Woodford, Ky., who died in the year 1838, published his last will in the year 1833, whereby, after devising his estate equally to his'fifteen children, all then living, he made the following provison: “ Should any of my children die before they attain lawful age or without lawful issue, the portion of my estate bequeathed to them to be equally divided between the survivors.”
One of those children died childless, and another, leaving issue, before the death of the testator, and between that time and the death of -his son, Younger Berry, eight others of the testamentary children died, leaving children.
*115 In the year 1868 the devisee, Younger Berry, died adult and childless.
In this suit in equity for distribution of Younger’s estate according to the testator’s intention the circuit court decreed equal distribution among the testator’s surviving children, and the children per stirpes of his dead children; and the only question for the revisory consideration of this court is, whether the circuit court adopted the true construction of the will.
We do not doubt that the death of Younger Berry was the proper time for determining what “survivors” are entitled to the estate devised to him in fee, defeasible on the condition of his death without issue; and on that question we concur with the circuit court.
The leading purpose of the testator was to equalize his estate among his children and secure it to his own descendants. This is so manifest as to require no argument to prove it. Consequently to confine the distribution -of his estate to the four surviving children of the testator, and cut off the surviving representatives of his dead children, would seem to conflict with his own evident purpose of equality.
The language of the quoted provision on that subject does not require such restriction. “ Survivors,” as written, is a flexible term, not necessarily meaning the testator’s surviving children only; but, when molded by the context and spirit of the will, may consistently with the literal import comprehend all his surviving descendants who were intended to be beneficiaries,
Such was evidently the opinion of this court, as clearly intimated on an analogous question in the case of Birney v. Richardson, &c., 5 Dana, 429. In that case, after some reasoning, and referring to Roper on Legacies, and Lord Eldon’s opinion in Wilmot v. Wilmot, 8 Vesey, this court added: “And according to that and several other analogous cases, it would seem that when a bequest is made to the survivors of any one of several children dying without issue, the testator should be *116 understood as meaning by survivors his other children, unless they also had died without issue, because his presumed object was that all who should home issue should be entitled to an equal interest, and that nothing but death without issue should disturb that equality.” And such is pre-eminently this case, in which we are not allowed to doubt that had the status of the testator’s family been at his own death as it was at that of his son Younger, he would not have given the whole of Younger’s estate to the four surviving children, and thus have given them that much more than he gave to his other children, without motive, and against his declared purpose of ultimate as well as immediate equality.
Without amplification we conclude that the judgment of the circuit court is right, and therefore it is affirmed.