CASE 70—PETITION EQUITY—MARCH 27.

# The Coleman-Bush Investment Co. v Figg, Trustee.

APPEAL FROM JEFFERSON CIRCUIT COURT.

1. CONSTRUCTION OF DEVISE—"SURVIVORS."—The word "survivor" is a flexible term, and in determining whether as used in a will it is to be interpreted according to its strict and literal meaning, or so extended as to include the children of one who, if living, would be within its literal meaning, the intention of the testator, as gathered from the spirit and context of the will, must control.

Under a devise by a testator to several grandchildren, with the provision that if any of them should die without issue then living, his interest should go to the "survivor or survivors of them," upon the happening of the contingency the interest of the one dying will go to the survivors to the exclusion of the children of the one who may be dead, it being further provided that if all should die without issue living at the time, the property shall go to the testator's surviving children "and the issue of such of them as now are or may then be dead."

2. DEFEASIBLE FEE.—Under such a devise the grandchildren take a defeasible fee, and all of them having united in a conveyance of the land devised by which they relinquish all right and title to the land as survivors, if the estate vested in any one of them should be defeated by

the happening of the contingency mentioned in the will, the grantee acquires the fee, subject to be defeated (if at all) only in the event all the grantors shall die leaving no issue. As the children of the grantors can never take as "survivors," their failure to unite in the conveyance can not affect the title of the grantee.

3. SALE BY TRUSTEE —Where a husband conveyed land to a trustee for the use of his wife for life, remainder to their children, if any, and if not, to the grantor, with power to the trustee to sell and make a good title to the purchaser by the written consent of the wife, and to dispose of the purchase money as she might order in writing, the trustee named in the deed having resigned and a new trustee having been appointed in his stead, a contract for the sale of the land made by the new trustee and the wife will be enforced by the chancellor, as the wife has, by uniting in a conveyance with the trustee and her only child, given her consent in writing, and the husband has by tendering a deed confirmed her action. And while no power to sell under the provisions of the deed was conferred upon the new trustee at the time of his appointment, yet this power can be given as well after as at the time of the appointment, and this the chancellor has done by enforcing the contract.

JAMES H. BOWDEN FOR APPELLANT.

The appellant prefers to take the land if the appellees can make a good title. This appeal is taken only because it fears.

1. The devise to the three children of David is a fee defeasible. (Varble v. Phillips, 14 Ky. Law Rep., 363; Hart v. Thompson, 3 B. Mon., 488; Deboe v. Lowen, 8 B. Mon., 620.)

2. Who are included in "survivor or survivors"? See Carter v. Bloodgood, 3 Sandf., 293.

3. Can the issue of the three grandchildren ever claim as purchasers? See Jackson v. Blanshan, 3 Johnson, 292; s. c., 3 Am. Dec., 485; Jackson v. Staats, 11 Johns., 337; s. c., 6 Am. Dec., 376; Sinton v. Boyd, 19 Ohio St., 30; s. c., 2 Am. Rep., 369; Deboe v. Lowen, 8 B. Mon., 620; Attorney-General v. Wallace, 7 B. Mon., 616; Moore v. Howe, 4 Mon., 219.

4. It seems clear that the brothers and sisters of David, and their descendants, can claim only when there is no longer any descendant of David living, and that this condition must exist when the last of the three grandchildren dies.

5. It seems that the substituted trustee has the same power that the original trustee had to convey and thus cut off all remainders created by the deed of trust.

BARNETT, MILLER & BARNETT AND L. H. NOBLE FOR APPELLEES.

1. By the exercise of the power of sale, etc., by and through Ernst, trustee,

The Coleman-Bush Investment Co. v. Figg, Trustee.

all remainders created by the deed of trust are cut off, and Mrs. Phillips' deed, joined in by Ernst, trustee, would convey to the purchaser of the 158 acres of land all the title Thomas J. Phillips had therein at the time he executed said deed. (McKay v. Mansfield, 14 B. M., 323; Moss v. Cross, 17 B. M., 741; Coats' Ex'or v. L. & N. R. Co., 13 Ky. Rep., 557; Lyons v. Marsh, 116 Mass., 332.)

And there seems no reason to doubt that the substituted trustee has the same power in this regard that the original trustee had, as the whole power of sale and conveyance rests in the will of Mrs. Phillips and is alone for her benefit. (1 Perry on Trusts, sec. 248; Gibbs v. Marsh, 2 Met. (Mass.), 251.)

2. The Louisville Chancery Court had power to appoint Figg as a substituted trustee. (1 Perry on Trusts, sec. 294; Coleman v. Caldwell, 7 B. M., 175; Harper v. Straus, 14 B. M., 57.)

3. Thomas J. Phillips at the time he conveyed the land to Ernst, trustee, had only a defeasible fee therein. (2 Jarman on Wills, 498; Bryant v. Bryant's Ex'ors, 6 Ky. Law Rep., 293; McKay v. Mansfield, 14 B. M., 323.)

Therefore the wife and her trustee could invest the purchaser from her with only a defeasible fee, which would ripen into a fee-simple absolute, provided Thomas J. Phillips should leave living issue at his death; and it would be divested and pass to the sisters or sister of Thomas J. Phillips, if alive, in case he should die not leaving issue surviving him. (May v. Hill, 5 Litt., 312; Nunally v. White, 3 Met., 588; Hughes v. Hughes, 12 B. M., 117; McKay v. Mayfield, 14 B. M., 323.)

4. The word "survivor" must have its natural and literal meaning, unless the intent of the testator imperatively requires it to have a more general meaning. (2 Jarman on Wills, p. 709; Tier v. Pennell, 1 Edw., 354; Jackson v. Thompson, 6 Cow., 178; Deboe v. Lowen, 8 B. M., 616; Harris, &c., v. Berry, &c., 7 Bush, 114; Best v. Conn, 10 Bush, 36.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

On the 8th of August, in the year 1842, the will of Thomas Phillips was admitted to probate in the Jefferson County Court. He owned a large landed estate and devised nine hundred and fifty acres of his realty, situated near the city of Louisville, to his grandchildren, who were the children of his son, David Phillips. The grandchildren were three in number, viz.: Thomas J. Phillips, Sallie Philips and Mary E. Phillips. His will has been hereto-

fore in this court for construction, but the question then raised did not involve the points now necessary to be considered.

Benoni Figg, as trustee for Jane Phillips, Jane Phillips and her son, David Ewell Phillips, sold 158 acres of this land to The Coleman-Bush Investment Company. They are now resisting the specific execution of the contract, on the ground of a want of title in their vendors.

There was a partition of that land between the three grandchildren, by which each one received his or her share, and that part allotted to Thomas J. Phillips contained 360 acres, and the 158 acres sold the Investment Company is a part of that 360 acres.

In the year 1862, or prior to that time, this land allotted to Thomas J. Phillips, the whole of it, was sold under a decree of the Louisville Chancery Court for his debts, and purchased by Mrs. Ann Phillips, to whom a conveyance was made by the commissioner, she, in this way, acquiring all of Thomas J. Phillips' title. In the year 1865 Ann Phillips and her husband conveyed this land back to Thomas J. Phillips, and on the 11th of October, 1865, Thomas J. Phillips conveyed it to one Robert Ernst, in trust for the sole and separate use of his, the grantor's, wife, Jane A. Phillips, during her natural life, and after her death, to her children born of that marriage, and if none, then to go to Thomas J. Phillips. The conveyance further provided that his wife was to have the sole right to use and enjoy the premises, make leases, with the power given the trustee to sell and make a *good title to the purchaser by the written consent of Jane A. Phillips, and to dispose of the purchase money as she, the wife, may order in writing.*

The trustee, Ernst, resigned, and Benoni Figg was appointed in his stead, accepted the trust and has been acting as such, but never gave bond.

Jane A. Phillips was divorced from her husband, and they had, prior to the divorce, one child, David Ewell Phillips, who united with his mother and her trustee, Figg, in the sale of this land to the Investment Company.

It follows that whatever title Thomas J. Phillips had originally to this land passed to his wife for life, coupled with the power of sale on the part of the trustee by and with the consent of the wife (Jane A. Phillips) in writing. This she has done by uniting with the trustee and her son in the conveyance, and while the original trustee, Ernst, made no conveyance to the present trustee, Figg, the parties are in a court of equity, and are asking the chancellor to allow them to do what the will expressly authorizes, and the only child, as well as the father, Thomas J. Phillips, are consenting, or have tendered deeds in this case necessarily confirming the action of the wife and her present trustee, and the power to the present trustee to sell under this provision of the will can be given as well after as at the time of the appointment, and this the chancellor has done by enforcing the contract.    Whatever title Thomas J. Phillips acquired under the will of his grandfather, Thomas Phillips, passes to this appellee, and what that title was depends upon the construction given the sixth clause of the testator's will under which this devise was made.

In this devise it is provided: "Should either of said grandchildren die without leaving lawful issue then living, the right and interest in the property devised to such grandchildren is to become the right and property of the

The Coleman-Bush Investment Co. v. Figg, Trustee.

survivor or survivors of them, and should they all depart this life without lawful issue living at the time of their death, the property is then to vest in and become the right and property of my surviving children and the issue of such of them as now are or may then be dead, to be divided among them according to the laws of distribution of those dying intestate."

These grandchildren each took a defeasible fee, their estate subject to be defeated upon their death without leaving issue surviving, their interest in such event going to the survivor or survivors. All three of these devisees are married and have a child or children, still, if at their death there is no child or children surviving the one so dying, his or her interest will go to the survivor or survivors. Then in what manner is the defendant to obtain the title, and was it obtained by the proceeding in this case? We understand from the record that the devisees (the grandchildren) unite in the conveyance tendered this appellant, by which they relinquish all right and title to this land as survivors if the estate vested in either should be defeated by the happening of the contingency mentioned in the will. It is manifest that the three own the entire land and are the only persons to take as survivors, and if their right and title is conveyed as such, it makes the title perfect. It is urged, however, that the words "survivor or survivors" embrace the children of their grandchildren, and therefore if one of the direct devisees should die, say, Thomas J. Phillips, and at his death one of his sisters should be dead, leaving children, that the children of the deceased sister would take as the survivor. We think not. The surviving sister or the surviving devisee would take only and not the children of the grandchild of

The Coleman-Bush Investment Co. v. Figg, Trustee.

the testator, and therefore we find no contingent interests in this case, only in case of all three of the devisees dying without issue, and then (if the devise is valid) it would pass by the will to the children of the testator and their descendants, but the appellants are willing to accept the deed with such a contingency resting upon the title.

There is often trouble in determining what meaning to attach to the words "survivor or survivors," and we find, conflicting opinions on this question.    There is a seeming conflict between the case of Best v. Conn, reported in 10 Bush, 36, and that of Harris v. Berry, reported in 7 Bush, 113.    It is at last a question of intention, and as said in Harris v. Berry, the word survivor is a flexible term, to be molded by the context and spirit of the will.    Mr. Jarman says, volume 2, section 239, on this subject: "We are now taught by a series of decisions, which outweigh any opposing dicta or opinions, that the word 'survivor,' like every other term, when unexplained by other parts of the will, is to be interpreted according to its strict and literal meaning."

The main object in construing the words of a will is to carry out the intention of the devisor, and really this is the fixed rule to be applied to the construction of any such writing when presented, and a different meaning may be given to the same word or language used in different wills by reason of the context, and the circumstances connected with its execution, as gathered from the face of the instrument.

The evident purpose of the testator in this case was to create a defeasible fee in his grandchildren and nothing more.    If he had designed that the children of one of his grandchildren should take an interest in the principal

devise, on the happening of the contingency, he would have said so, because he realized, or the draughtsman of the will did, the necessity of using such language when intending his remote descendants to take. The will provides, by language used in this same provision, that if all of their grandchildren die without issue living at their death, then it is to vest in *my surviving children and the issue of such of them as now are or may then be dead*, thus providing in express terms for the children of his surviving children, manifesting clearly that the mind of the testator was upon that subject, and it is therefore reasonable to assume that in omitting to devise to the children of the grandchildren this contingent interest, in the event the parent was not living to take, he intended to confine the devise to the survivor or survivors of the three devisees. This we think is the rational construction of the instrument, and carries into effect the purpose of the testator.

Judgment affirmed.