78

William E. Waugh, Appellee, v. Nellie Poiron et al., Appellees, and Ethel Seidel Wiechering, Appellant.

## Gen. No. 42,032.

Heard in the first division of this court for the first district at the October term, 1941. Opinion filed June 1, 1942. Rehearing denied June 16, 1942.

WINSTON, STRAWN & SHAW, of Chicago, and BOUCK, HILTON & DEMPSEY, for appellant; JAMES H. CARTWRIGHT and GEORGE B. CHRISTENSEN, both of Chicago, and WILLIAM C. BOUCK, of counsel.

GEORGE YELLEN and MURRAY R. HADDON, both of Chicago, for appellees.

Mr. Justice Matchett delivered the opinion of the court.

Ethel Seidel Wiechering appeals from a decree construing the will of her aunt, Nellie P. Brown. The will was executed December 24, 1936; testatrix died October 3, the will was admitted to probate November 22, proof of heirship was made October 14, all in 1940; the complaint was filed April 10, 1941; the decree entered July 22, 1941.

The will consists of nineteen numbered and two unnumbered paragraphs. Construction is asked of the 16th. It is: "I give, devise and bequeath the rest, residue and remainder of my estate, real, personal and mixed, and wheresoever situated, to my brother, James W. Poiron, my sister, Minnie Hodge, my sister, Annie Enslin, and my niece Ethel Seidel, share and share alike, *and to the survivor of them.*" James Poiron died in 1937; Annie Enslin in March 1937; Minnie Hodge in 1938, prior to the death of the testatrix. Annie left no issue; the brother James left issue—two daughters, Nellie and Bessie, and a son Philip; Minnie Hodge left only her daughter Ruth. Thus Ethel Seidel (also known as Ethel Wiechering) is the only legatee named in the will who was living at the death of the testatrix.

Ethel contends she is entitled to the entire residue of the estate, apparently of the value of about $30,000. The three children of James Poiron and the daughter of Minnie Hodge contend that the phrase in the residuary clause, "and to the survivor of them," ought to be construed to give to each of them the portion of the estate which their respective parents would have taken if living at the time of the decease of the testatrix. The court accepted their theory. The decree directs: "That the rest, residue and remainder of the estate of Nellie P. Brown, deceased, and estate now pending in the Probate Court of Cook County,

Illinois, . . . be distributed as follows: to Nellie Poiron one-ninth; to Bessie Poiron Young one-ninth; to Philip Poiron one-ninth; to Ruth Hodge Wise one-third, and to Ethel Seidel Wiechering one-third."

The decree finds the amount the testatrix intended to give was made certain and definite by the language used, and the beneficiaries certain and named, and that there was no intention on the part of the testatrix to disinherit these children of James and Minnie, and that it was not the intention of the testatrix "to prefer Ethel Seidel Wiechering, defendant, over said other defendants heretofore named."

The question is squarely raised on this record whether the above construction conforms to the intention of the testatrix. The rules applicable are well settled; citation of authorities unnecessary. The object of the construction of a will is to ascertain the intention of the person who made it. The intention is to be determined from the writing within the "four corners" of the instrument. Where the language is plain and simple no construction is necessary. In case of ambiguity, oral evidence is admissible, not to change the writing but to make the meaning of it clearer. Where such evidence is admissible the court sometimes, as it is said, sits in the "arm chair" of the testator and receives evidence tending to clear up any obscurity or ambiguity. No evidence was taken or offered in this case. There is no dispute as to any material fact.

We have decided the decree misconstrues this residuary clause of the will, and that under a proper construction Ethel Seidel Wiechering takes the residue of the estate to the exclusion of others. We so determine because of the precise language of the paragraph. It is complete in a single sentence. The testatrix says, I give the rest, residue and remainder to my brother James, my sister Minnie, my sister Annie, and my niece Ethel, "share and share alike, and to

the survivor of them." Webster says "survive" means "to live longer than." Here the word "survivor" is modified by the phrase "of them." "Them" manifestly refers to James, Minnie, Annie and Ethel. The "survivor of them" is Ethel, because she lived after the death of the others. Bouvier defines a "survivor" as "the longest liver of two or more persons." Of the four names in the residuary clause, Ethel Seidel lived longest and was the only one of the four living at the death of the testatrix. It would seem nothing could be clearer than that she is "the survivor of them."

If we assume the four claimants to be legatees and try to insert into the will a sentence which would express that intention, the difficulty becomes apparent. The language of paragraph 16 is not the language a lawyer would use, assuming the testatrix made known to him her intention to provide for this distribution to the children in case of the death of their parent. The will on its face bears evidence it was not the work of a layman; that it was prepared by a lawyer. Therefore, not only the actual language used but also the language not used makes quite impossible the construction adopted by the decree.

Consideration of the will as a whole persuades to the same decision. In almost every paragraph this will shows careful discrimination as to the blood relatives of the testatrix. She gives to her brother Albert one dollar. If he refuses to accept, it shall become a part of the residuary estate. A similar bequest is made to a nephew, Lester Seidel. By this clause she practically disinherits these two, who if the trial court had carried his theory of construction to its logical conclusion would (Annie Enslin dying intestate) take a substantial part of the estate. The courts will not sustain such a construction, *Maddock v. Haines*, 88 F. (2d) 350, 302 U. S. 690. These four who now claim as nieces and nephew were living at the time the will

was made. Their parent legatees passed away while the testatrix was still living and (presumably) competent to change her will in case she wished to do so. The simple language of the residuary clause, the whole language of the will, all the circumstances under which it was made, point to the conclusion that in case of the death of the others named it was the intention of testatrix Ethel Seidel would take the entire residue of the estate.

The appellees say the word "survivor" is a flexible term and should be moulded by the context and spirit of the will. Attention is called to the statement in Encyclopaedia of Forms and Precedents, Second Edition, p. 494, to the effect that "the word 'survivors' is in itself a trap and should never be used without careful consideration for it may be and frequently is construed as meaning 'others.' See *Inderwick v. Tatchell*, (1903) AC 120; *Re: Benn* (1885) 29 Ch D 839; . . . ," all of which is probably true, not only of this but of almost any other word in our growing language.

A wealth of authority has been cited, little of which has any bearing upon the issue here. This case does not involve the construction of a will creating any future estate. The gift here is immediate on the death of the testatrix. There is no gift over upon a contingency or otherwise to descendants or to issue, or even to children of any deceased legatee. Cases involving legacies of that kind are of no help in deciding this case. Nor is there any question here of whether the residuary legacy is a gift to a class or distribution to named individuals. That question is eliminated by the clause "and to the survivor of them." The numerous cases cited involving that question are therefore without value. Nor have we here any ambiguous or obscure language calling for the application of presumptions of law. When cases of these three kinds are excluded, there is little left to plaintiff's argument except an abiding conviction testatrix ought not to have made this and should have made another will.

Of the cases cited one has points of similarity to the instant case. This is *In re Estate of Barr,* 2 Pa. St. 428. John Barr made a will directing the residue of his property should be equally divided among his brothers and sisters, of whom he mentioned seven, "or their survivors." One of the sisters named died 42 years before the will was made; a brother named died 10 years before the will was made, and another 6 years before its execution. The testator knew of the death of these three legatees. The will was written by a layman, a schoolmaster, who used a book of forms and did not know the meaning of legal terms. The will without discrimination named as legatees persons living and dead and directed that the residuum should be equally divided among them, "or their survivors." The children of these persons who were dead when the will was made claimed a share of the estate upon the theory that the phrase "or their survivors" referred to them. The court recognized the fact that such a construction would be unusual. The opinion says: "I am aware, that in strict legal sense, the word *survivor* means the longest liver of two joint-tenants, or of any two persons joined in the right of a thing; he that remains alive after that the other be dead, 3 Com. Law. Dic. 55; Brooke, 33. . . ."

Nevertheless, in order to give effect to the manifest intention of the testator the court held that the testator meant not that the dead legatees should take upon his death, but their legal representatives. This case is far different. This will is not clumsily drawn. It bears on its face proof that the draftsman knew legal terminology. It makes no bequests to people dead at the time of its execution.

A review of all cases cited in the briefs would embellish the opinion without elucidating the law applicable. We, however, note a few cases most relied on.

In *Rivenett v. Bourquin,* 53 Mich. 10, 18 N. W. 537, the will bequeathed the bulk of the estate to four chil-

dren (naming them) and provided that in the event of either dying before the death of testatrix the estate should be divided "among the survivors, or their legal representatives, share and share alike." Two children were given the share their mother would have taken if living. The court said that to hold they could not take would be to leave the words "legal representatives" without any meaning. Then, too, a Michigan statute construed was controlling.

In *Schneller v. Schneller,* 356 Ill. 89, the residuary clause of the will was "To my three children" (naming them) "or to the survivors or survivor of them." A son (one of the three) predeceased the testator, leaving a daughter who contended she was entitled to take the share of her father. The Supreme Court held that under the common law she would not, but that section 11 of the former statute of Descent and Distributions (Ill. Rev. Stat. 1939, ch. 39) was applicable and that by virtue of that statute it would pass to her. That section is now superceded by section 200, chapter 3 of the new Probate Code (Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 110.297]). Neither the old nor new section is applicable here since the bequest is to collaterals and not to lineal descendants.

In *Harris v. Berry,* 7 Bush (Ky.) 113, the testator bequeathed a defeasible fee with a condition over. The court said the will gave estates "in fee, defeasible on the condition of death without issue."

*Executor of Brierly v. Nelson,* 228 Ky. 116, 14 S. W. (2d) 201, is another case in which the will created a future interest. The will gave the net income from the residue of the estate to the testator's nieces and nephews for their natural lives with the remainder "to their lawful issue and if any of them die without lawful issue then to the survivors and their issue." The Supreme Court of Kentucky said that the question arose on the construction of the phrase "then to the survivors and their issue"; that if it was to be given a strict literal interpretation it would mean only

the individual nieces and nephews of the testator, who were living when such a one died, but if it was to be given a comprehensive and liberal interpretation it meant the class of beneficiaries surviving such a one, namely, the nieces and nephews living and the issue of those who had predeceased him. Pointing out that the controlling object of the courts in construing a will was to promote the expressed intention of the testator, the court said the bequest of only the income to the nieces and nephews indicated desire to preserve the corpus for their children; that although divided into two groups, there was nothing to indicate an intention to deprive any of the ultimate beneficiaries of their share if their parent should happen to die before one of the life tenants who had no children, and that to confine the distribution of the estate to four surviving children of the testator and cut off the surviving representatives of the dead children would seem to conflict with his own evident purpose of equality. That case is not helpful here.

For the reasons stated the decree will be reversed and the cause remanded with directions to enter a decree in conformity with the views herein expressed.

*Reversed and remanded with directions.*

McSURELY, P. J., and O'CONNOR, J., concur.