39 Ill. App.3d 281 (1976)
350 N.E.2d 306
In re ESTATE OF JOHN E. CARLSON, Deceased.  (MARY CARLSON, a Minor, by her Mother and Next Friend, Marie Carlson, Plaintiff-Appellant,
v.
BARBARA BRADT et al., Defendants-Appellees.)
No. 75-319.
Illinois Appellate Court  Second District (2nd Division).
Opinion filed June 14, 1976.
Benn E.G. Eilert, of Geneva, and Roy Safanda, of Dowling & Safanda, of St. Charles, for appellant.
Stephen M. Cooper, Joseph Radovich, and Charles Radovich, all of Geneva, for appellees.
Judgment affirmed.
*282 Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:
This is an appeal from the dismissal of plaintiff's amended complaint for construction of the will of John E. Carlson. Plaintiff alleges that her complaint informs defendants of the nature of the claim asserted and raises a material issue of fact, and that it should not therefore have been dismissed; that defendants' motion to dismiss was defective in that it did not list any of the specific grounds under section 45 or section 48 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, pars. 45, 48) and thus fails under each of these sections; and that plaintiff's attorneys are entitled to an award of reasonable attorneys' fees from the estate. On appeal, defendants concede that plaintiff's complaint adequately informs them of the nature of plaintiff's claim.
John E. Carlson died in 1974, leaving a two-page will. There were but three dispositional paragraphs in this will: the first contained the usual direction to the executor to pay all just debts of the testator; the second bequeathed to the testator's niece and nephew, Barbara Ann Carlson (Bradt) and Bernard D. Carlson, and the nephew of his wife, William Perry Filbert, the sum of $1000 each. Paragraph THIRD, in question here, provides:
"All the rest, residue and remainder of my estate of every kind and nature, I hereby give, devise and bequeath to my wife, Adina V. Carlson. In the event that my said wife should die prior to my death, or if we both die as a result of the same accident or catastrophe, then I give, devise and bequeath all of my property of every kind and nature to my niece and nephew, Barbara Ann Carlson and Bernard D. Carlson, and the nephew of my wife, William Perry Filbert, or their survivors or survivor, share and share alike."
The construction of the quoted paragraph has been put in issue by this case.
The testator's wife predeceased him, thereby removing the contingency from the residuary gift to the class which consists of his niece and nephew and the nephew of his wife. Also prior to testator's death, his nephew, Bernard Carlson, died leaving one minor child, Mary Carlson, who, by her mother and next friend, is the plaintiff in this suit. The administrator, the niece (Barbara Carlson Bradt), and the nephew of testator's wife (William Perry Filbert) are the defendants herein. The suit arose because the administrator of the estate read the language of the residuary clause to exclude Mary Carlson from that class of persons designated "their survivors or survivor." When the will was admitted to probate, the guardian ad litem for the minor stated that plaintiff had no financial interest in the estate of the decedent, and the court so found. *283 Plaintiff thereafter filed her complaint and, on a motion to strike the same, the motion was allowed and plaintiff was given leave to file an amended complaint. An amended complaint was filed, plaintiff requested a change of venue, and a different judge was assigned. The defendants once again filed a motion to dismiss. The court heard arguments and, after submission of briefs, allowed the motion. The court did not set out the specific grounds for its order; however, the primary issue argued before that court regarded the alleged ambiguity of "survivors or survivor, share and share alike." It appears the court found there was no such ambiguity to be construed.
A major part of plaintiff's appeal is addressed to alleged deficiencies in defendants' motion to dismiss, such insufficiencies stemming from defendants' alleged failure to state or prove any of the grounds for dismissal listed under sections 45 or 48 of the Civil Practice Act. (Ill. Rev. Stat. 1973, ch. 110, pars. 45, 48.) We find this argument to be without merit.
Section 45(1) provides that all motions regarding the pleadings shall point out specifically the defects complained of and shall ask for appropriate relief. Subsection (2) provides:
"If a pleading or division thereof is objected to by a motion to dismiss or for judgment or to strike out the pleading, because it is substantially insufficient in law, the motion must specify wherein the pleading or division thereof is insufficient."
Subsection (5) provides that "Any party may reasonably move for judgment on the pleadings."
The opening paragraph of defendants' motion to dismiss asks the court to dismiss plaintiff's amended complaint for "want of equity appearing on the face of the complaint," and moves that judgment be entered in favor of the defendants against the plaintiff. Paragraph two of the motion alleges "that it appears on the face of the amended complaint that there is no ambiguity in the last will and testament of John E. Carlson, deceased, and therefore nothing to be construed." This motion was, in effect, a motion for judgment on the pleadings. It apparently was treated as such by the trial court as revealed by the briefs and arguments made to that court by the parties. We find that defendants' motion to dismiss adequately met the requirements of section 45 of the Civil Practice Act.
 1 The principal issue in this case is whether the words "their survivors or survivor, share and share alike," viewed within the four corners of the will, create an ambiguity which requires construction of the will. As the court in Binger v. Ackerman, 15 Ill. App.2d 35, 40 (1957), observed:
"It is basic that a court of equity will not assume jurisdiction to construe a will which is neither ambiguous nor uncertain where *284 there is no equitable estate to be protected or equitable right to be enforced. The court does not acquire jurisdiction to construe a will merely by allegations that a question requiring construction exists, where the record shows that there is no such question. A motion to dismiss may properly be filed to present this question. [Citations including Peck v. Drennan, 411 Ill. 31 (1952).]"
The Binger court further observed:
"The question for determination by this court on an appeal of this nature, is solely whether or not the principles of law governing the interpretation of this will are thoroughly established by the law. If they are so established, and if, when those established principles are understood and applied to the will, the meaning is clear, there is no ambiguity and no question of construction remains for the court. [Citations.]" 15 Ill. App.2d 35, 40-41.
When the term "survivor" is used in conjunction with a gift to a group or class of beneficiaries, under the common law the survivorship clause of the will is deemed to indicate the intention of the testator that, should any member of the class predecease the testator, the share of the deceased beneficiary goes to the remaining named members of the class, rather than to the children or issue of the predeceased beneficiary. See Schneller v. Schneller, 356 Ill. 89, 92 (1934)[1].
The case of Waugh v. Poiron, 315 Ill. App. 78 (1942), involves a factual situation strikingly similar to the one at bar. There, a residuary clause in a will left the residue of testatrix's estate to a named brother, two sisters, and a niece of the testator share and share alike and to the survivor of them. During the four years between the execution of the will and the death of the testatrix, the named brother and the two named sisters died, leaving only the niece in the designated class of beneficiaries. The children of the brother and the child of one sister claimed under the residuary clause as "survivor(s) of them." The court rejected this interpretation, stating:
"[U]nder a proper construction [the niece] takes the residue of the estate to the exclusion of others. We so determine because of the precise language of the paragraph. It is complete in a single sentence. The testatrix says, I give the rest, residue and remainder to my brother James, my sister Minnie, my sister Annie, and my niece Ethel, `share and share alike, and to the survivor of them.' Webster says `survive' means `to live longer than.' Here the word `survivor' is modified by the phrase `of them.' `Them' manifestly refers to James, Minnie, Annie and Ethel. The `survivor of them' is *285 Ethel, because she lived after the death of the others. Bouvier defines a `survivor' as `the longest liver of two or more persons.' Of the four names in the residuary clause, [the niece, Ethel] lived longest and was the only one of the four living at the death of the testatrix. It would seem nothing could be clearer than that she is `the survivor of them.'" Waugh v. Poiron, 315 Ill. App. 78, 80-81 (1942).
The factual circumstances in Waugh and the specific language used in that case  "share and share alike, and to the survivor of them"  closely approximates the factual situation and the language in this case  "or their survivors or survivor, share and share alike." We fail to see any functional difference between the use of the word "their" in the case at bar and the phrase "of them" in Waugh. In the instant case, too, the bequest is similarly contained in a single sentence.
We have looked to the four corners of the will to find support for the supposed ambiguity of the phrase "to their survivors or survivor," but find no such support. The second dispositional paragraph gives each of the same three named beneficiaries the sum of $1000 without reference to the issue, children, or heirs of these persons, and thereby indicates the testator's intention not to provide for the children or issue of those beneficiaries. Under that provision, the $1000 gift to any of those who might have died prior to testator would clearly have lapsed and fallen in with the residuary estate, which would have passed in its entirety to testator's wife had she not predeceased him.
Section 49 of the Probate Act (Ill. Rev. Stat. 1973, ch. 3, par. 49) provides:
"Unless the testator expressly provides otherwise in his will, * * * (2) when a devise or legacy * * * is to a class and any member of the class dies before or after the testator, the members of the class living when the devise or legacy is to take effect in possession or enjoyment, take the share or shares which the deceased member would have taken if he were then living * * *."
We do not find the use of the words "their survivor or survivors" to constitute the clear contrary expression of testator's intent necessary to void the effectiveness of this section of the statute. See Schneller v. Schneller, 356 Ill. 89, 92 et seq. (1934); Kellner v. First Trust & Savings Bank, 40 Ill. App.2d 371, 373 (1963).
We therefore hold that the trial court's order dismissing plaintiff's case on the pleadings was correct.
 2 Plaintiff's remaining issue questions the trial court's denial of an award for her attorney's fees to be paid from the estate. The costs of litigation in will construction cases are borne by the estate on the theory that the testator expressed his intentions so ambiguously as to necessitate *286 construction of the instrument to resolve adverse claims. Such fees are allowed to a party even though the construction eventually adopted is adverse to his claim. Our supreme court has held, however, that such fees should not be authorized where construction is unnecessary. (Orme v. Northern Trust Co., 25 Ill.2d 151, 165-166 (1962).) Plaintiffs are not entitled to attorneys' fees because of the mere allegation of an ambiguity. In the instant case, the court below found and we have affirmed that the challenged language in the will was not ambiguous as a matter of law.
The order of the trial court dismissing this action with prejudice is therefore affirmed in all respects.
Judgment affirmed.
RECHENMACHER and DIXON, JJ., concur.
NOTES
[1] Schneller dealt with rights of descendants of the testator, whereas here the rights of collaterals and others are in issue. See section 49(1) of the Probate Act (Ill. Rev. Stat. 1973, ch. 3, par. 49(1)).