Mary **MUZZALL**, Plaintiff/Appellant,

v.

Ernestine **LANFORD**, et al., Defendants/Appellees.

Court of Appeals of Tennessee, Western Section, at Jackson.

April 13, 1989.

Application for Permission to Appeal Denied by Supreme Court Aug. 7, 1989.

Thomas A. Thomas of Maloan, Gallien, Thomas & Moore, Dresden, for plaintiff-appellant.

John Everett Williams of Williams & Williams, Huntingdon, for defendant/appellee Lanford.

Ernest A. Jetton and Ed Mullikin, Memphis, for defendants/appellees Larsen & Bradberry.

TOMLIN, Presiding Judge (Western Section).

Plaintiff filed suit against defendants in the Chancery Court of Carroll County seeking to have the court construe a joint and mutual will. The provision of the will plaintiff sought to have construed contained a class gift to designated legatees. Plaintiff is a child of a predeceased legatee, while defendants are surviving legatees of the class. The chancellor entered summary judgment for defendants. The issue presented on appeal is whether the chancellor erred in granting summary judgment. We find no error and affirm.

The material facts are not in dispute. Vernie E. Drewry and his wife, Mary, executed a joint and mutual will. Vernie died in Florida in 1967. In 1987 the will was filed for probate in Carroll County following Mary's death there. The dispute centers around the construction of a portion of the will's third paragraph, which reads as follows:

THIRD. It is our Will, and we do hereby give, devise and bequeath all of our estate, whether real, personal or mixed, of every kind, description or character, wherever situated and located, whereof we, or either of us, may be in any manner entitled, or in which we, or either of us, may be interested at the time of our deaths, to the survivor of us, providing, however that the said survivor shall have survived the other of us by a period of six (6) months, *and upon the death of such survivor,* or in the event that our respective deaths should occur simultaneously, or within six (6) months of each other, *it is our Will, and we do hereby give, devise and bequeath all of our said estate to our brothers and sisters, or the survivors of them, to share and share alike,* and, for the purposes of this, our Last Will and Testament, *our respective brothers and sisters, collectively, are all to be con-sidered as being the brothers and sisters of each of us.*

At the time the will was executed the Drewrys together had eight living brothers and sisters. Only the three defendants survived both Vernie and Mary Drewry. Plaintiff is the daughter of one of the sisters who survived Vernie but predeceased Mary. She contends that she and other issue of the predeceased siblings[1] are entitled to a share of Mary's estate by virtue of the phrase "survivors of them," placing emphasis upon the word "survivors." The chancellor ruled "them refers to the brothers and sisters" and "survivor means the longest liver or livers of the brothers and sisters." We agree.

The primary objective in construing a will is to determine the intention of the testator. This intention shall prevail provided it is consistent with the rules of law. *Smith v. Bell,* 31 U.S. (6 Pet.) 68, 75, 8 L.Ed. 322 (1832). This intention is to be ascertained from the particular words used, the context in which they are used, and the scope and purpose of the instrument. *Third National Bank in Nashville v. First American Bank of Nashville,* 596 S.W.2d 824, 828 (Tenn.1980). Furthermore, words in a will are to be construed in their ordinary, proper, and grammatical sense unless the context indicates that a different meaning is intended. *Pritchard on Wills and Estates* § 395 (4th Ed.1983). The law is well established in this state that when the same words are used in different parts of a will relating to the same subject matter, they are presumed to be used always in the same sense unless a contrary intention appears from the context of the whole instrument. *American National Bank & Trust Co. v. Mander,* 36 Tenn.App. 220, 253 S.W.2d 994, 997 (1952); *Robertson v. Brown,* 13 Tenn.App. 211, 220 (1931). *See also Pritchard on Wills and Estates* § 395 (4th Ed.1983). In addition, a doubtful phrase in a will may be construed by comparing it with similar phrases in other parts of the will in which the testator's intention is clear. *American National Bank &*

[1]. For some unknown reason the other issue were not made parties to this litigation.

*Trust Co.,* 253 S.W.2d at 997 (citing 69 C.J. § 1142).

The Drewrys' will used the phrase "survivor of" four times in conjunction with the pronoun "us." Obviously the word "survivor" clearly meant the last living member to which the class "us" referred—i.e., Vernie and Mary. The will used the phrase "survivor of them" only once, in the third paragraph. *Black's Law Dictionary* defines "survivor" as "*One who survives another; one who outlives another; one who lives beyond some happening; one of two or more persons who lives after the death of the other or others.*" We have found no contrary intention of the testators in the will under the above-cited rules of construction. It is then to be presumed that the Drewrys intended to use the phrase "survivor of" consistently throughout the will. As used in the phrase "survivor of them" the word "survivors" clearly meant the last living member or members of the class to which "them" referred—the brothers and sisters of Vernie and Mary Drewry.

A case virtually on all fours with the case under consideration is that of *Waugh v. Poiron,* 315 Ill.App. 78, 42 N.E.2d 138 (1942). In *Waugh,* the testatrix left her residuary estate to "my brother, James W. Poiron, my sister, Minnie Hodge, my sister, Annie Enslin, and my niece Ethel Seidal, share and share alike, and to the survivor of them." *Id.,* 42 N.E.2d at 139. Only Ethel survived the testatrix. Certain issue of the predeceased legatees filed suit, contending that as "survivors" of the named legatees, they were entitled to a share of the estate. The Court of Appeals reversed the trial court and held that the surviving legatee was entitled to the entire residuary estate. In so holding, the Court stated:

> We so determine because of the precise language of the paragraph. It is complete in a single sentence. The testatrix says, "I give the rest, residue and remainder to my brother James, my sister Minnie, my sister Annie, and my niece Ethel, share and share alike, and to the survivor of them." Webster says "survive" means "to live longer than". Here the word "survivor" is modified by the

phrase "of them". "Them" manifestly refers to James, Minnie, Annie and Ethel. The "survivor of them" is Ethel, because she lived after the death of the others. 2 Bouvier's Law Dict., Rawle's Third Rev., defines a "survivor" as "the longest liver of two or more persons". Of the four names in the residuary clause, Ethel Seidal lived longest and was the only one of the four living at the death of the testatrix. It would seem nothing could be clearer than that she is "the survivor of them".

*Id.,* 42 N.E.2d at 139–40.

Accordingly, the decree of the chancellor is affirmed. Costs in this cause are taxed to plaintiff, for which execution may issue if necessary.

CRAWFORD and HIGHERS, JJ., concur.