*In re* ESTATE OF PEARL GARRETT (Harold Bramlett, Objector-Appellant, v. John Bramlett, as Ex'r of the Estate of Pearl Garrett, Appellee).

Third District  No. 3—01—0066

Opinion filed September 21, 2001.—Rehearing denied October 25, 2001.

Samuel S. McHard (argued), of Law Office of Samuel S. McHard, of Rock Island, for appellant.

John J. Blake (argued), of Blake & Ball, of Galesburg, for appellee.

JUSTICE LYTTON delivered the opinion of the court:

Petitioners, nieces and nephews of the testator, Pearl Garrett, brought this action to construe their aunt's will. The trial court found that the estate passed as a class to the decedent's surviving siblings but certified two questions to us under Supreme Court Rule 308(a) (155 Ill. 2d R. 308(a)). We hold that the estate passes *per stirpes* to the descendants of the testator's deceased siblings.

On June 2, 1987, Pearl Garrett executed a will that divided her estate among her 10 then-living siblings and the children of her two deceased sisters. The single dispositive paragraph provided:

"I direct the executor hereinafter named to divide my estate into twelve equal shares. I give, devise and bequeath one share to each of the following: Grace Ella Powers, Lora Geneva Bishop, Beulah Leona Jones, Coleman William Bramlett, Alma Elizabeth LeGate, Edna Alpha Ruggles, Clyde Harding Bramlett, Cecil Karl Bramlett, John Lloyd Bramlett and Claude Ted Bramlett, share and share alike or to the survivor or survivors of them; one share to the chil-

dren of my deceased sister, Maude May Brown, per stripes [*sic*] and one share to the children of my deceased sister, Mary Belle Clouse, per stirpes."

Garrett died November 12, 1997, survived by five siblings. Her will was admitted to probate and John L. Bramlett was appointed executor.

The executor construed Garrett's will to require that only those siblings who survived Garrett and only those children of Maude May Brown and Mary Belle Clouse who were living at Garrett's death would inherit under the provisions of her will. The executor filed a final report dividing Garrett's estate into seven shares with one share each going to Garrett's five surviving siblings, one share to the surviving children of Brown, and one share to the surviving children of Clouse.

Petitioners, descendants of siblings who died after Garrett executed her will and the descendants of the predeceased children of Brown and Clouse, objected to the final report. The executor then filed a motion to construe the will and approve the final report. The trial court found that the will created a class gift which required class members to survive the testator. The court also found that the provisions providing for a bequest of a one-twelfth share "to the children *** per stirpes" of each of Garrett's two predeceased sisters was ambiguous.

Both parties filed motions to reconsider, which were denied. Petitioners then filed a "Motion For Rule 308(a) Appeal," which the trial court granted.

## DISCUSSION

The trial court certified two questions of law for our review:

"a. Whether the provision in the will of the decedent providing for a bequest to ten named brothers and sisters 'share and share alike or to the survivor or survivors of them' creates a class gift which imposes a requirement that the named sibling survive the testator and, thus, only those brothers and sisters who survived the testator would inherit and whether there is an ambiguity in that provision.

b. Whether the provision in the will providing for a bequest of $1/12$ share 'to the children...*per stirpes*' of two of the testator's sisters who died prior to the execution of the will, is ambiguous."

### I

The first question contains two issues: (1) Is a class gift created? and (2) Is the language ambiguous?

### A

First, we must determine whether a class gift exists. Petitioners

argue that the bequest was not a class gift. The executor agrees that the provision does not create a class gift. We agree with the parties.

●1 A class gift is " 'a gift of an aggregate sum to a body of persons uncertain in number at the time of the gift, to be ascertained at a future time, and who are all to take in equal or in some other definite proportions, the share of each being dependent for its amount upon the ultimate number of persons.' *Volunteers of America v. Peirce*, 267 Ill. 406[, 414]; *Levings v. Wood*, 339 Ill. 11[, 19-20]." *Continental Illinois National Bank & Trust Co. of Chicago v. Eliel*, 17 Ill. 2d 332, 339, 161 N.E.2d 107 (1959). One of the essential features of a class gift is that the number of the persons who are to take the property is to be ascertained at a future time. *O'Connell v. Gaffney*, 23 Ill. 2d 611, 617, 179 N.E.2d 647, 650 (1962). A gift to persons who are named in the language of gift is *prima facie* or by initial presumption a gift to them as individuals notwithstanding they are also designated in general terms as by relationship to the testator or others. *O'Connell*, 23 Ill. 2d at 617, 179 N.E.2d at 650. A gift in equal shares to the named individuals strengthens the conclusion that a class gift was not intended. *O'Connell*, 23 Ill. 2d at 617, 179 N.E.2d at 651.

●2 Garrett first divided her estate into 12 equal shares; she then devised one share to each named sibling. Shares were not dependent on persons to be determined in the future; the number of persons, and the share to each, was already ascertained. Further, she named her siblings individually, indicating a gift to each of them, not to a class. All of these factors indicate a gift to individuals was intended. See *O'Connell*, 23 Ill. 2d at 617, 179 N.E.2d at 650. The trial court erred when it held that Garrett's will created a class gift to her siblings.

### B

Next we address the second part of the first certified question, that is, whether the language "share and share alike or to the survivor or survivors of them" is ambiguous.

Petitioners contend that the phrase is ambiguous when read in the context of the entire bequest and that, construing the will as a whole, Garrett's intent was to provide a *per stirpes* distribution to her siblings' descendants. The executor, however, argues that the will is not ambiguous and survivorship is required.

■ "The cardinal rule of will construction, to which all other rules yield, is the ascertainment of a testator's intention from the will itself." *In re Estate of Kirchwehm*, 211 Ill. App. 3d 1015, 1018, 570 N.E.2d 851, 854 (1991). Since wills are not always alike, results in other will cases are seldom of controlling importance in determining a testator's intent. *Stites v. Gray*, 4 Ill. 2d 510, 513, 123 N.E.2d 483, 487

(1954). The intention of the testator is established by examining the will as a whole to determine whether an ambiguity exists. See *In re Estate of Carlson*, 39 Ill. App. 3d 281, 284-85, 350 N.E.2d 306, 309 (1976). Whether an ambiguity exists is determined by applying established principles of law to the will. *Binger v. Ackerman*, 15 Ill. App. 2d 35, 40-41, 145 N.E.2d 277, 281 (1957). If the meaning of the will's language is unclear after the application of established principles of law, an ambiguity is present and a question of construction remains for the court. *Binger*, 15 Ill. App. 2d at 41, 145 N.E.2d at 281.

■ Generally, the use of the word "survivor" in a will is construed to mean the person who lives the longest out of a group of named individuals. *Carlson*, 39 Ill. App. 3d at 284-85, 350 N.E.2d at 309. However, a different interpretation may be appropriate if the traditional definition creates a result contrary to the testator's intent. See *Carlson*, 39 Ill. App. 3d at 284-85, 350 N.E.2d at 309.

■ We must review the entire will to determine if the language "share and share alike or to the survivor or survivors of them" is ambiguous. As stated above, in the one dispositional clause of the will, Garrett left 12 equal shares of her estate to her then-living siblings and the children of her two predeceased sisters. From this bequest, we can infer that Garrett wished to treat her brothers and sisters and their descendants equally. Though the executor argues that the word "survivor" is unambiguous, citing *Carlson* and *Kirchwehm*, he appears to rely on the holdings in those cases while disregarding their rationale. Indeed, the analysis in those cases is the same as ours, *i.e.*, the court must examine the whole will to determine the intent of the testator. See *Carlson*, 39 Ill. App. 3d at 284-85, 350 N.E.2d at 309; *Kirchwehm*, 211 Ill. App. 3d at 1018, 570 N.E.2d at 854. Since her use of the word "survivor" is not consistent with the rest of the dispositive clause, we find the will to be ambiguous.

Once a will is determined to be ambiguous, a question of construction remains for the court. *Binger*, 15 Ill. App. 2d at 41, 145 N.E.2d at 281. When construing an ambiguity in a will, we will apply the presumption that testators intend property to go in accordance with the laws of descent and distribution. *Dahmer v. Wensler*, 350 Ill. 23, 28, 182 N.E. 799, 801 (1932). Illinois law has consistently favored *per stirpes* distribution in the absence of a contrary intention. *Schroeder v. Benz*, 9 Ill. 2d 589, 592, 138 N.E.2d 496, 500 (1956). To disinherit heirs, a testator must clearly indicate his intention to do so. *Harris Trust & Savings Bank v. Donovan*, 145 Ill. 2d 166, 173, 582 N.E.2d 120, 123 (1991). To determine the testator's intent, we must examine the will as a whole. See *Carlson*, 39 Ill. App. 3d at 284-85, 350 N.E.2d at 309.

Applying these rules of construction to Garrett's will, we conclude that a *per stirpes* distribution is appropriate here. No other construction can be ascertained from reading the will in its entirety. Thus, we hold that Garrett intended a *per stirpes* distribution.

## II

The second question certified to us is whether the bequests of a one-twelfth share each " 'to the children...*per stirpes*' of two of the testator's sisters who died prior to the execution of the will, is ambiguous." Petitioners argue that the words *"per stirpes"* apply to all the descendants of the two sisters, Maude May Brown and Mary Belle Clouse. The executor responds that only the surviving children of Brown and Clouse take under the will, citing *Goodwine State Bank v. Mullins,* 253 Ill. App. 3d 980, 625 N.E.2d 1056 (1993).

■ *"Per stirpes"* is a term used to specify the method of distribution of property. *Goodwine,* 253 Ill. App. 3d at 1006, 625 N.E.2d at 1076. The words *"per stirpes"* indicate a taking by right of representation of that which an ancestor would take if living. *Goodwine,* 253 Ill. App. at 1006, 625 N.E.2d at 1076. Ordinarily the words *"per stirpes"* denote substitution in case of the death of the primary legatee. *Mercantile Trust & Savings Bank v. Rogers,* 5 Ill. App. 2d 162, 169, 124 N.E.2d 683, 687 (1955).

In *Goodwine,* the testator gave his son a life estate in all his real estate. The testator provided that upon the death of his son, the real estate would go to "the then[-]living descendants of [his] son *** per stirpes and not per capita." *Goodwine,* 253 Ill. App. 3d at 1003, 625 N.E.2d at 1074. The court held that survivorship was required by the use of the phrase "then[-]lliving descendants," and the *per stirpes* distribution only applied to the shares of the remaindermen. *Goodwine,* 253 Ill. App. 3d at 1005-06, 625 N.E.2d at 1076.

■ We do not find the provision in Garrett's will ambiguous. There is no limiting language similar to "then living descendants" as there was in the *Goodwine* will. The primary legatees are the children of Garrett's deceased sisters, who were to take *"per stirpes."* The heirs of the children of Garrett's sisters take by substitution in the event of the death of a primary legatee. See *Rogers,* 5 Ill. App. 2d at 169, 124 N.E.2d at 687. Thus, if any of the sisters' children predeceased Garrett, the deceased child's descendants receive their share by right of representation.

Furthermore, if the language were considered ambiguous, we would determine the intent of the testator by giving effect and meaning to each and every clause of the will, if possible. *Stites,* 4 Ill. 2d at 513, 123 N.E.2d at 486-87. If Garrett had devised one share each to

the "children" of Brown and Clouse without the words *"per stirpes,"* she would have created a class gift requiring survivorship. Under the executor's interpretation, the words *"per stirpes"* become superfluous, rendering them meaningless. We must conclude that Garrett intended that all of the children of Brown and Clouse were to take their shares of the estate *per stirpes*.

The certified questions of the circuit court of Knox County are answered.

Certified questions answered.

HOMER, P.J., and BRESLIN, J., concur.