266 Minn. 294 (1963)
123 N.W.(2d) 618
IN RE ESTATE OF J. WARREN LUTZI.
NORTH STAR RIFLE CLUB, INC., FORMERLY KNOWN AS UNITED SPORTSMEN'S RIFLE CLUB, INC.
v.
JUNIOR UNITED SPORTSMAN'S RIFLE CLUB.
No. 38,910.
Supreme Court of Minnesota.
August 16, 1963.
*295 Marshall S. Snyder, for appellant.
F. Gordon Wright and C. Alfred Bergsten, for respondent.
THOMAS GALLAGHER, JUSTICE.
This appeal involves construction of a provision in the will of J. Warren Lutzi, deceased. The will was admitted to probate in the probate court of Hennepin County on August 3, 1959, following decedent's death on July 2, 1959. It was executed June 5, 1958, and the provision referred to is as follows:
"The entire residue and balance of my Estate, I direct my Executor to place in trust for a period of five (5) years in any Savings Bank under the Federal Deposit Insurance Act, at the highest going rate, said interest payments to be used exclusively by the United Sportsmens Rifle Club for the construction of or extension of an cutdoor covered small bore firing range to be known as the J. Warren Lutzi Memorial."
The problem relates to identification of the "United Sportsmens Rifle Club" named in this clause. The North Star Rifle Club, Inc., was originally incorporated under the name United Sportsmen's Rifle Club, Inc., in 1939. By amendment to its articles of incorporation dated May 27, 1952, this name was changed to the North Star Rifle Club, Inc., and this organization  of which testator was an active member, and at times an officer until about 1950  contends that it is the one which he intended to benefit under the above provision.
During decedent's association with this organization it sponsored a group known as Junior Sportsmen's Rifle Club. However, Junior United Sportsman's Rifle Club, which is the appellant here, and which is not to be confused with Junior Sportsmen's Rifle Club, was not incorporated prior to an interlocutory decree of the probate court of Hennepin County dated November 15, 1961, which determined that testator intended to favor it as beneficiary under the clause quoted. At all times prior to its incorporation it had been known as Junior United Sportsmen's Association Rifle Club and had operated under the sponsorship of still another corporation, United Sportsmen's *296 Association, Inc., which was dedicated to conservation matters. On February 6, 1962, subsequent to the interlocutory decree described, and pending an appeal therefrom to the district court by the North Star Rifle Club, Inc., Junior United Sportsmen's Association Rifle Club was incorporated under its present name, Junior United Sportsman's Rifle Club. As is evident, the word "Association," which had been included in its previous designation, was omitted at this time.
The interlocutory decree of the probate court referred to included the following:
"That at the date of execution of said Will on June 5th, 1958, there was no organization in existence that fit the description of the beneficiary, the United Sportsmens Rifle Club. That the North Star Rifle Club, prior to January 17, 1952, was known as United Sportsmen's Rifle Club, but ever since that date has been named and styled the North Star Rifle Club, by which name it has been generally known to the public ever since its name was changed in 1952. That at the time the decedent executed said Will, the Junior United Sportsmens Rifle Club of Minneapolis, Minnesota, was an auxiliary and unincorporated organization associated with the United Sportsmens Association of Minnesota, Inc. [This is a third organization not involved in these proceedings.] That it is not an incorporated association now or at the time of execution of the Will, but was the organization which the decedent intended to name as the beneficiary of the foregoing bequest."
In a memorandum attached to this decree, the probate court stated:
"* * * The language of the decedent names the beneficiary as `United Sportsmens Rifle Club.' One contestant is named the North Star Rifle Club, and the other contestant is named Junior United Sportsmens Rifle Club. At the time decedent executed the Will, neither beneficiary answered the description used by the testator. Although the description appears clear on its face, it becomes ambiguous when an attempt is made to find a beneficiary who answers the description as of the date of the execution of the Will, which is controlling. *297 This, the Court feels, is a latent ambiguity, and under such circumstances, the Court must examine, including extrinsic evidence, all proper evidence to determine what the decedent intended, the intention of the decedent being the paramount consideration. * * *
"It appears here that [what] the beneficiary intended is an unincorporated association, consisting of members of the United Sportsmen's Association. That under the Articles of Incorporation of the United Sportsmen's Association, there is no authority for this organization, as its purposes as expressed in the Articles do not include the activities of the unincorporated association, as the parent organization is a conservation organization with limited purposes. However, the unincorporated association, nevertheless, does exist, and it was with this association that the decedent had his chief interests and which he intended to benefit. He has provided for a trustee to hold the property and his intentions can be fulfilled. This is frequently the purpose of having a trustee. If it is necessary that the association be incorporated, to hold title to property to carry out the purpose of the trust, this can readily be done subsequent to the establishment of the trust."
On the appeal to the district court this portion of the interlocutory decree was reversed, and findings and conclusions were made determining that the North Star Rifle Club, Inc., a Minnesota corporation, previously known as the United Sportsmen's Rifle Club, was the organization which testator intended as beneficiary in the provision described. In a memorandum accompanying such findings (wherein respondent here, who was appellant in the district court proceedings, is referred to as appellant), the district court set forth the following:
"Two organizations claim to qualify as beneficiaries under the provisions of testator's last will and testament executed June 5, 1958. Each lays claim to have been known to the testator as `United Sportsmen's Rifle Club' as mentioned in the will.
"The Appellant [the North Star Rifle Club, Inc.] was known by that name for a number of years from 1939 until 1952 when it changed its official name to `North Star Rifle Club, Inc.,' continuing, *298 however, to use both names thereafter for a time. During at least two of these years, it was known to the Testator exclusively as `United Sportsmen's Rifle Club'. He was an officer thereof, namely, the Treasurer, and his wife, whom he married after both became members of the Appellant organization, also served as a director thereof. While the circumstances under which the Testator dropped out as a member of Appellant's organization in 1951 are somewhat obscure, it is significant that the Testator's wife became seriously ill with a liver disease about 1954, from which ailment she died early in 1958. It is also significant that the Testator, beginning in 1951 and continuing for some time thereafter, found the demands upon his time in his employment and union activities of such a nature as to worry him. Throughout the years during which Testator and his wife were active with the Appellant organization and thereafter, he knew it operated and maintained, under lease from Anoka County, an outdoor rifle firing range, with 40 small bore or 22 caliber rifle firing facilities as well as heavier caliber firing facilities, and that these were unprotected from the elements and the weather.
"On the other hand, the Respondent [Junior United Sportsman's Rifle Club] came into existence in 1951 as an unincorporated group of young persons under 19 years of age, who, for about two years, carried on their activities in the basement of the home of one of the members of a Conservation organization, which was sponsoring the Respondent group, such adult group being known as `United Sportsmen's Association of Minnesota'. The Respondent called itself `Junior United Sportsmen's Association Rifle Club' and was recognized by the National Rifle Association of America by such a name. The Respondent organization never had or maintained an outdoor rifle firing range for small bore or 22 caliber rifle firing, or indeed, for any caliber rifle firing, at any time. The Testator did take an interest in the Respondent organization from time to time, but he had also taken an active interest in the Appellant organization and its junior group, the Junior Sportsmen's Rifle Club.
"Under these circumstances, the interest of the Testator becomes more obvious when the entire provision in the will relating to the *299 bequest of the residual property, $23,560.09, is considered. It is clear that the Testator intended that United Sportsmen's Rifle Club, which he had known by that name, should have the earnings from the trust fund for a 5 year period, to be used exclusively by them `for the construction of or extension of an outdoor covered small bore firing range to be known as the J. Warren Lutzi memorial'. The Appellant had such a firing range; the Respondent did not have any outdoor firing range, nor has it ever had one.

* * * * *
"Even if we are to assume the Testator thought the junior group could somehow obtain an outdoor small bore firing range to be constructed or extended, the fact is, the word `junior' has to be written into the will, to identify the Respondent with the bequest, and the word `Association' part of Respondent's official name, has to be overlooked in order to qualify the Respondent as such beneficiary.

* * * * *
"There is no ambiguity on the part of Testator in identifying the Appellant with the name `United Sportsmen's Rifle Club', for that is the name by which he had known and been active with the Appellant. Technically, there is a misnomer, through the use of that name instead of North Star Rifle Club, Inc., but in such case, the same rule applied in the light of the circumstances of this case. Under no circumstances should words be supplied or deleted in order to identify the legatee, as would be the case with the Respondent. Absent such substitution or deletion, the Appellant corporation is the only organization which can identify itself with the name used in the will, viz: `United Sportsmen's Rifle Club'.
"The decedent knew there was a junior rifle club when he made his will, and if he intended a junior club to have the money it is difficult to understand how he would have omitted using the word `junior' in his will. The Appellant has had an outdoor rifle range for both large and small bore shooting and [this] is the only place where covers could be used. On the other hand, the respondents would have to acquire an outdoor shooting range to qualify for the legacy, and the deceased at the time of the making of *300 the will had no knowledge that they ever could or would do so.
"Extrinsic evidence supporting the respondent's contention is that because of claimed animosity on the part of deceased and one O.V. Johnson, that it is not likely deceased would have left his money to any organization with which Johnson was associated. Johnson, however, denies that any disagreement he ever had with deceased was of a serious nature. To believe that deceased would have permitted a questionable bit of petty animosity to prevent him from using his money the way he wished hardly seems likely.
"The alleged conversation that took place between Louis Thomas and deceased in support of Respondent's position that deceased did not intend the club to have the money is not worthy of credence because Thomas did not recall any such conversation when he testified the first time in probate court and stated conclusively that the testimony he gave on page 90 of the transcript from probate court was all the conversation he had at that time. However, after recess, he then belatedly gives a conversation which was supposed to have taken place at the time he said there was nothing further, * * * where he states at length that the deceased did not like the Johnson rifle club and was going to do something for the boys of `our rifle club'. It is not likely Thomas would have forgotten such a crucial bit of testimony when he first testified if it had actually taken place."
In its present appeal from the district court decree, Junior United Sportsman's Rifle Club contends that since there was no corporation or organization known as United Sportsmens Rifle Club in existence at the time of the execution of the will, or on the date of the death of the testator, a latent ambiguity in this provision was revealed so that extrinsic evidence was admissible to ascertain the intent of the testator as to the identity of the beneficiary named; and that the evidence submitted for this purpose compels a finding that Junior United Sportsman's Rifle Club was the organization intended to be benefited thereunder.
The evidence establishes that United Sportsmen's Rifle Club, Inc., was organized for the purpose of training its members in the proper *301 use of firearms under the rules of the National Rifle Association of the United States. As stated above, it sponsored an unincorporated group known as Junior Sportsmen's Rifle Club for youths under the age of 18 or 19 years. Up until about 1950, United Sportsmen's Rifle Club, Inc., was associated with United Sportsmen's Association, Inc., which was engaged in conservation activities. About that time dissension developed and these two organizations decided to work independently of each other. In 1948 United Sportsmen's Association, Inc., undertook to sponsor the unincorporated junior club known as the Junior United Sportsmen's Association Rifle Club. The latter organization first operated in the basement of the home of one of the members of the parent organization, and subsequently used the National Guard Armory for its activities.
In 1940 the United Sportsmen's Rifle Club, Inc., leased an outdoor firing range in Anoka County which it has used since that time. This range has approximately 40 small-bore rifle firing facilities which are uncovered and exposed to weather variations. It also conducted training courses in small-bore rifle firing for members of its Junior Sportsmen's Rifle Club at the Bryant Avenue police station firing range in Minneapolis.
The testator was a member of United Sportsmen's Rifle Club, Inc., for a number of years prior to the time it changed its name to the North Star Rifle Club, Inc., and for one or two of these years served as its treasurer. His wife was a director of this corporation during this same period. In 1951 he was also a member of the United Sportsmen's Association, Inc. After 1952, he ceased to be active in either of these organizations and ceased paying dues to respondent. He also ceased any activity in the affairs of both the Junior Sportsmen's Rifle Club and the Junior United Sportsmen's Association Rifle Club. His wife became seriously ill and died in 1958. Subsequently, on June 5, 1958, he executed his last will as above described.
The record further discloses that, from 1939 until its name was changed, the respondent's predecessor, United Sportsmen's Rifle Club, Inc., had always been known to its members by that name but without *302 the word "Inc." as a part of its title. During all of this period its notices to members, its annual reports, its lease, and all business which it conducted were in the name "United Sportsmen's Rifle Club" and apparently this was the only organization in Minnesota known to testator by that name up to the time of his death. It is important also to note that there is nothing to show that after testator terminated his association with this organization in 1952 he was ever advised by it that its corporate name had been changed to "The North Star Rifle Club, Inc." by amendment to its articles of incorporation. One of appellant's witnesses testified that he had told testator of the change in name. The trial court did not find his testimony persuasive, pointing out in its memorandum that in the probate court proceeding no claim had been made that testator knew of the change.
From the foregoing it is clear that, at the time of the execution of his last will, testator was familiar with the fact that both the organization he had known as United Sportsmen's Rifle Club and the United Sportsmen's Association, Inc., were sponsoring unincorporated junior rifle clubs, the former under the name Junior Sportsmen's Rifle Club, and the latter under the name Junior United Sportsmen's Association Rifle Club.
1. We believe the trial court was correct in determining that it was testator's intent to name United Sportsmen's Rifle Club, Inc., predecessor to the North Star Rifle Club, Inc., as the beneficiary of the testamentary provision above described. He had belonged to it throughout his active years. It was interested in training members in the use of firearms, and testator spent much time in furthering this activity. His disassociation with such activity in organized form subsequent to 1952 may be explained in several ways. He had lost his office in the local union organization to which he belonged, and his health became impaired. The illness and death of his wife may have been an additional factor. Likewise, it is possible that a disagreement between him and one O.V. Johnson, at one time executive officer of United Sportsmen's Rifle Club, Inc., may have lessened his interest in that organization. But notwithstanding these factors, it seems quite *303 clear that, at the time he executed his will, United Sportsmen's Rifle Club, Inc., must have been the organization he had in mind. It is true that he had terminated his membership therein but he had likewise terminated his membership or association with the other organizations above described, including the predecessor of appellant here. Had he intended to benefit the Junior United Sportsman's Rifle Club, as it then existed, it seems obvious that he would have used the term "Junior" preceding the designation of the beneficiary named in the will.
Further, at the time that testator executed his will, the North Star Rifle Club, Inc., formerly United Sportsmen's Rifle Club, Inc., was operating an uncovered, outdoor small-bore firing range on which testator had fired many times while he was associated with this organization. He was aware that this range was uncovered which would offer a logical explanation for a bequest to respondent intended to provide funds for covering it.
2. It is well settled that in construing testamentary provisions the court cannot supply words to bring about a claimed result, In re Estate of Brewster, 174 Minn. 568, 219 N.W. 919; that the testator's intention must be gathered from the language of the will itself, In re Trust Created by Will of Crosby, 224 Minn. 173, 28 N.W. (2d) 175; In re Trusteeship Under Last Will of Ordean, 195 Minn. 120, 261 N.W. 706; that where there is any uncertainty as to the identity of one named in a will, extrinsic evidence may be received for the purpose of identification but that where such evidence reveals such identity so that the ambiguity is removed, further evidence on the issue becomes irrelevant, Henrikson v. Swedish Baptist Mission Society, 163 Minn. 176, 203 N.W. 778; and that the controlling factor which must guide the court is to ascertain and carry out the intention of the testator. In re Estate of Lundquist, 193 Minn. 474, 259 N.W. 9; In re Estate of Peterson, 202 Minn. 31, 277 N.W. 529; Radintz v. Northwestern Nat. Bank & Trust Co. 207 Minn. 56, 289 N.W. 777. Here, it seems clear that testator definitely intended that United Sportsmen's Rifle Club, Inc., was to benefit under the terms of his will. He named it therein under the name by which it was known to him. It was in *304 existence at the time of his death and is in existence now. The fact that its name has been changed should not deprive it of the right to participate in the benefits which testator intended it to receive. To hold that he intended to benefit the then-named Junior United Sportsmen's Association Rifle Club by a bequest to the "United Sportsmens Rifle Club" would require this court to supply the words "Junior" and "Association" in the name designated by testator in violation of sound and well-established principles above set forth.
Affirmed.