[No. 1355-2.    Division Two.    May 22, 1974.]

*In the Matter of the Estate of* WALTER R. MCLAUGHLIN,
*Deceased.*

JOHN J. MCLAUGHLIN *et al., Appellants* v. JAMES MUNRO, *as
Administrator, Respondent.*

*Helen Graham Greear*, for appellants.

*James Munro*, pro se.

ARMSTRONG, J.—In this appeal the brother, sister and niece of a decedent challenge a decree of distribution awarding the decedent's estate to his former stepson. The decedent, Walter McLaughlin, and his ex-wife, Ethel McLaughlin, were married in 1963. At the time of this marriage, the ex-wife had a son by a previous marriage, Warren Pike, who was in the United States Army serving overseas. The stepson was never adopted by the decedent. Shortly after his marriage to Ethel McLaughlin, the decedent executed a will providing in relevant part as follows:

> I give, devise and bequeath all the property I shall own at the time of my death to my beloved wife, Ethel I. McLaughlin; provided, however, that *if she predeceases*

*me,* I give, devise and bequeath all the property I shall own at the time of my death to her son, my stepson, WARREN G. PIKE, . . .

(Italics ours.) The decedent and his wife were divorced on January 26, 1973, and the decedent died on April 25, 1973, two days before his impending fourth marriage. He left surviving a brother, sister and niece, who are appellants herein. His former stepson, Warren Pike, and his ex-wife, Ethel McLaughlin, were also surviving at the time of his death.

The sole issue presented by this appeal is whether the trial court erred by ruling that the decedent left surviving him as his only heir his stepson, Warren Pike, or in the alternative, that the decedent's will made a valid disposition of the entire estate to Warren Pike. We hold that the trial court erred since the stepson is not an heir of the decedent, and the conditional alternative bequest to the stepson failed because the condition did not occur.

■ We first point out that under the law of intestate succession in this state, the stepson, Warren Pike, is not in any sense an heir of the decedent. RCW 11.02.005; RCW 11.04.015.

The construction of decedent's will presents a somewhat more difficult problem. RCW 11.12.050 provides that a divorce subsequent to the making of a will revokes the will as to the divorced spouse. It is therefore clear that the surviving ex-wife, Ethel McLaughlin, was entitled to nothing under the will. Our holding that Warren Pike is entitled to nothing under the will is based upon the fact that the alternative bequest to him in the will was conditional, *i.e.,* by the terms of the will he takes only if the ex-wife predeceases the decedent. Since the ex-wife survived the decedent, the bequest fails, leaving the decedent's estate to pass via the laws of intestate succession.

The administrator of the will contends, and the trial court so ruled, that this case is indistinguishable from *Peiffer v. Old Nat'l Bank & Union Trust Co.,* 166 Wash. 1, 6 P.2d 386 (1931). We disagree. In that case, the decedent's

will, after expressly disinheriting a daughter, provided in relevant part as follows:

> In the event that my beloved wife, Mabel Mildred Peiffer, shall not survive me for a greater period than three months, I hereby give, devise and bequeath to my son, Albert John Peiffer, Jr., all of my property of every kind and character and wheresoever situated.

When the testator died subsequent to a divorce, with his ex-wife still living, the disinherited daughter sought one-half of the estate through intestate succession, claiming that the alternative bequest to the son was conditioned upon death of the wife. The court in *Peiffer* held that the will made a valid disposition of the entire estate to the son. The rationale of the court was that the survivorship language in the will could be construed to mean that the son would take if Mabel Peiffer did not survive *as the decedent's beloved wife* for the 3-month period. Since Mabel Peiffer was no longer the decedent's beloved wife, the court held that the condition occurred, leaving a valid testamentary disposition to the son.

■■ Aside from a rather technical distinction between the survivorship language in the *Peiffer* case, and the language "if she predeceases me" used in this case, we are of the opinion that the overriding factor which compelled the court to construe the will as it did in *Peiffer* is not present in this case. The court in *Peiffer* repeatedly emphasized that the language of the will there, construing all the provisions together, conveyed a clear and unmistakable testamentary intent to first disinherit the daughter, and second, to provide for the testator's own minor son. The court specifically indicated that its construction of the will was based upon the well-established principle that when possible, the will should be liberally construed to effectuate a testamentary intent made manifest in the will by the decedent.

From the language of the will before us we are unable to perceive any such clear and unmistakable testamentary in-

tent. Unlike the court in *Peiffer*, we are unable to determine that the testator's intent at the time of the execution of his will was other than expressed by the plain meaning of the language used. Since an express condition of the alternative bequest to Warren Pike was that Ethel Mc-Laughlin predecease the decedent, the bequest must fail.

Reversed and remanded.

PEARSON, C.J., and PETRIE, J., concur.

Petition for rehearing denied June 25, 1974.

Review denied by Supreme Court October 7, 1974.