OPINION OF THE COURT
Edward M. Horey, S.
The will in question contains eight typewritten para *445 graphs and one printed one. A codicil contains two paragraphs effecting changes to the will. This court finds it unique not only that the provisions of every paragraph of the will and the codicil require construction, but also the fact that as drafted, the construction reached for succeeding paragraphs is made dependent on the construction arrived at in preceding provisions. As a consequence, the problems involved are discussed in this construction proceeding in the numerical order in which they are found in the will and the codicil.
By paragraph second of her will, the testatrix bequeathed to a sister “all my jewelry and other personal effects (unless otherwise mentioned in this paper) to be disposed of in a fair and considerate manner”.
First in issue is whether or not the foregoing bequest included the household furniture of the decedent.
“Personal effects” has been defined “as a phrase used to designate articles associated with the person” and as “property having a more or less intimate relation to the person”. (Ettlinger v Importers & Exporters Ins. Co., 138 Misc 743, 744.)
While no decisional law has been found that nicely determines the inclusion or exclusion of furniture within the gambit of the words “personal effects” alone, there does exist determinations which are helpful in reaching a conclusion here. Thus, a bequest of “all personal effects of all kinds” was held to include furniture. (Matter of Loeb, 155 Misc 863, 865, emphasis added.) Similarly, where “all of my personal belongings, including articles of clothing, jewelry, art objects and other personal effects that I may own” was bequeathed, furniture was held included. (Matter of Mann, 4 Misc 2d 387, 389.)
In contrast, a bequest of jewelry, cash, apparel, toilet articles and “other purely personal effects”, was held to exclude household furniture. (Matter of Thompson, 126 Misc 99, 100, mod 218 App Div 130, affd 245 NY 565.)
In Matter of Gault (48 NYS2d 928), a refrigerator was held excluded from personal effects.
In the bequest in issue, this court regards it as significant *446 that after bequeathing “all” of her “jewelry and other personal effects” the testatrix added “unless otherwise mentioned in this paper”. An examintaion of the will discloses that the only other item of personalty mentioned in the will was a specific bequest of testatrix’ “English China” in paragraph third. While as the cited decisions bear witness there is a certain elasticity to the meaning to be given to the term “personal effects”, this court reaches the conclusion that in the case in issue the testatrix intended the household furniture to be included. Only the “English China” was excluded from the bequest of all personal effects.
By paragraph third of her will, testatrix bequeathed her “English China” to “my nephew and wife, Carl R. Baker and Helen L. Baker”.
Married at the time of the execution of the will, Carl R. Baker and Helen L. Baker were divorced shortly before testatrix’ death. In issue is whether or not the divorce had any effect on the bequest. The answer is no! There is no effect. Where a bequest is to a specifically named “wife” of a designated individual the bequest is a personal one to the named beneficiary and the term “wife” is deemed to be merely descriptive. The description may not be distorted into a condition limiting the bequest. (Matter of Tuck, 165 Misc 346, and cases cited, affd 256 App Div 971, affd 281 NY 697.) The principle announced was reaffirmed and applied in Matter of North (32 AD2d 862) and more recently in Matter of White (82 Misc 2d 323). On construction it is determined the bequest of the “English China” is to both Carl R. Baker and Helen L. Baker.
In paragraph fourth, testatrix directed that “my property at 118 S. 3rd St. be sold and the proceeds deposited to my estate”.
Raised as an issue is whether the cited direction required a sale of realty alone or realty and personalty.
In Purdy v Purdy (36 App Div 535) it was stated that the word “property” in its general signification is sufficiently comprehensive to include both real and personal property. However, as- the reasoning of the court there demonstrated, the proper meaning to be given the term should be reached from the context of the will.
*447 In the will in issue, there was a disposition of personalty. Only the extent of that disposition of the personalty has been questioned. This court has determined that such disposition of personalty included the household furniture. Thus, all that remains for compliance with the direction for sale is the real property which decedent owned. On construction, the determination is that paragraph fourth directs only a sale of the real property known as 118 South 3rd Street, Olean, New York.
In paragraph fifth of her will, the testatrix directed that upon the sale of “property at 118 S. 3rd St.” that all expenses of selling and the balance owed to the Exchange National Bank of Olean be paid. She then directed “that one-fourth of the residue be divided between my three sisters-in-law : Martha B. Platt of 2522 Steinway St. Long Island City, N. Y. Harriette B. Holland, 880 Fifth Avenue, New York, N. Y. and Agnes B. Bach, 59 Prime Avenue, Huntington, N. Y.”
Testatrix’ sister-in-law, Harriette B. Holland, died and left issue surviving her.
To be determined on this construction is the proper disposition of Harriette B. Holland’s legacy under paragraph FIFTH.
Petitioner’s attorney urges that such interest should pass to the issue of Harriette B. Holland. It is his contention that the provisions of both EPTL 3-3.4 and 3-3.3 lead to such result and cites Matter of Tomson (75 Misc 2d 687) in support of his position. In this construction, this court is satisfied the attorney is in error.
Termed generally “antilapse” statutes, EPTL 3-3.3 and 3-3.4, nonetheless, have limited application in saving dispositions which would otherwise lapse.
EPTL 3-3.3 is expressly limited in its application to testamentary dispositions made either to (1) issue, or (2) a brother or (3) a sister of the testator. It does not apply to dispositions to any other parties.
Under the terms of EPTL 3-3.3 if a disposition is made to either issue, or brother, or sister of a testator and any of such three named beneficiaries die before the testator, the *448 disposition does not lapse, but vests per stirpes in the surviving issue of the deceased beneficiary.
EPTL 3-3.4 is also an antilapse statute. It has application to residuary beneficiaries. It is not delimited to dispositions to issue, or to a brother, or to a. sister, as is the case under EPTL 3-3.3, but applies to a testamentary disposition to any person. The limitation under EPTL 3-3.4 is that it only applies to dispositions of a testator’s residuary estate. This is in contrast to EPTL 3-3.3 which can have application to any testamentary disposition.
Under its terms, EPTL 3-3.4 provides that (1) if a disposition of a part of the residuary estate becomes ineffective as of the date of the testator’s death, e.g., through death of one of several named beneficiaries before the testatrix, and (2) if the provisions of EPTL 3-3.3 do not apply because the disposition is to a person other than issue, brother or sister, and (3) if there is no alternative disposition in the will — then in such events, the ineffective disposition will be shared by the remaining beneficiaries.
What is important about the enactment of EPTL 3-3^4 is that it represents a conscious choice of the remaining residuary beneficiaries over the spouse and relatives of the residuary beneficiary who was unable to take. (See Third Report, Temporary State Comm on Estates, pp 312-314; and, see, 9 Rohan NY Civ Prac, par 3-3.4[2].)
In the case for decision, the bequest was to sisters-in-law of the testatrix. Thus, the antilapse provisions of EPTL 3-3.3 do not apply because the beneficiaries are not one of three parties specified under that statute. Further, in the case for decision, the disposition in issue is not of the residue of the testator’s estate, nor of any portion thereof. It is a disposition of a residue of the proceeds of sale of real property after the payment of expenses and liens. As such it is a general bequest and not a residuary bequest essential to the antilapse application of EPTL 3-3.4. It is this feature that distinguishes the instant case from the decision reached in Matter of Tomson (75 Misc 2d 687, supra). There remains only the question of whether the disposition under paragraph fifth was to a class. Clearly it was not. Not only was the number of sisters-in-law specified, but also they were *449 named. The uncertainty in number and uncertainty in the members which are prerequisites for a class gift are both missing. The disposition here to the named sisters-in-law was a disposition nominatim. (See 28 Carmody-Wait 2d 169:84, and cases cited.)
Accordingly, it is determined that the bequest to Harriette B. Holland under paragraph fifth has lapsed. It passes then into the residuary estate of the decedent and is disposed of as part of the testatrix’ residuary estate under paragraph sixth which disposes of her residuary estate.
Under paragraph sixth, again there is difficulty. This is for the reason that under that paragraph, the testatrix bequeathed her residuary estate equally between her brother and her sister. The brother predeceased the testatrix, but not before the execution of the testatrix’ will. The brother left issue surviving. On the question of who takes the deceased brother’s share of the residuary estate, the determination is that such share does not lapse. It falls within the provisions of EPTL 3-3.3 and vests in the surviving issue of the deceased brother per stirpes.
The final issue presented for construction, arises from the last paragraphs of the testatrix’ will and the direction for change of those paragraphs as testatrix provided by a codicil.
Under her will, the last three paragraphs of testatrix’ will provided as follows:
“I hereby appoint my nephew, Carl R. Baker of 82 Bell-wood Avenue, Buffalo 24, N.Y. to execute this will, and to see that a small gift be made to St. Stephen’s Church, and the South Side Chapel be made”.
“In the event that Carl R. Baker declined to serve. I then appoint my nephew Robert M. Baker of 77 Garden Parkway, Henrietta, New York be appointed to this task”.
“Lastly I hereby appoint Carl R. Baker or Robert M. Baker executor of this, my last Will and Testament: hereby revoking all former wills by me made”.
By a codicil, the testatrix provided as follows:
“I hereby delete the last two paragraphs of my will with regard to the appointment of Carl R. Baker as the executor *450 and of Robert M. Baker as alternate executor. I desire to delete these paragraphs in their entirety”.
“I further amend my will by adding the following:
“I hereby appoint Dwight L. Carleton of R.D. #2, Cuba, New York as executor, or in the event he should fail to qualify or for any other reason shall be unable to serve, then I appoint the Exchange Bank of Olean as executor of my Last Will and Testament”.
The wording in the last paragraph of testatrix’ will was printed as a part of the form used, except for the written names of Carl R. Baker or Robert M. Baker. The two preceding paragraphs were typewritten.
All of the provisions in the codicil were typewritten.
It is impossible to comply with the provisions of the codicil and avoid all conflict and confusion. In the opinion of the court, the construction which most fully complies with the testatrix’ intent is first to delete the last two paragraphs of her will. This is in full and literal compliance with testatrix’ stated desire that these two paragraphs be deleted in their entirety. This done, there remains then in the will the third from last paragraph which appointed Carl R. Baker to execute the will and to see that a small gift be made to named charities. Insofar as this paragraph purports to name Carl R. Baker as executor, it was clearly amended by the positive and substituted appointment of Dwight Carleton as her executor in the codicil. The problem of the language used in reference to the small gifts to charities remains. It is now examined.
In the decided and certain opinions of the court, the language that “a small gift be made to St. Stephen’s Church and the South Side Chapel” is not to be considered as effecting testamentary bequests. This is for the reason first, that all of the property of the testatrix’ estate had previously been effectively bequeathed and devised by preceding paragraphs of the will. There was nothing left from which to fund a bequest. Secondly, to constitute a bequest the language must be so definite as to amount and subject matter that it could be executed by the court. The language here at best leaves the nature of the gift and the value thereof to the *451 discretion of the executor. To effectuate the gift, the court would have to override that discretion. This is not permitted. (Phillips v Phillips, 112 NY 197.)
Finally, the language used is not that of a bequest of anything from the testatrix. The statement for payment was imposed either as a binding condition on Carl R. Baker as appointed executor or as a precatory expression of the testatrix directed to him imposing only a moral, but not legally enforceable obligation. This court is of the opinion that it is the latter. Certainly, the payment of the small gifts was not a condition precedent to the appointment of Carl R. Baker. His appointment as executor was absolute. Neither was there direction that his interest in the estate or his commissions as executor be charged with payment of the small gifts subsequent to his appointment. In considering whether certain words impose a condition or are merely precatory, our Court of Appeals stated as follows in Phillips v Phillips (112 NY 197, supra, p 204): “Without a detailed construction of the cases, it is quite clear, that, as a general rule, they turn upon one important and vital inquiry, and that is, whether the alleged bequest is so definite as to amount and subject-matter as to be capable of execution by the court, or whether it so depends upon the discretion of the general devisee as to be incapable of execution without superseding that discretion. In the latter case there can neither be a trust or a charge, while in the former there may be, and will be, if such appears to have been the testamentary intention”.
In Matter of Barney (207 App Div 25, 28, affd 239 NY 584), it was stated that the test as to whether words are merely precatory or have the force of imposing a condition is whether they are imperative or mere words of entreaty or admonition. To same effect, Matter of Scott (165 Misc 480, 483).
This court does not regard the payment of “a small gift” as so definite in amount and subject matter that it would be capable of execution by this court any more as a charge than as a bequest. In either instance, the amount and nature of the gift was made to be dependent upon the discretion of the executor. To effectuate the gift, the court would have to override that discretion. That is its deficiency.
*452 On construction, the court determines that the language of the testatrix for payment of small gifts to St. Stephen’s Church and the South Side Chapel constitutes merely a precatory expression. However, since the words were not eliminated under the terms of the codicil they continue as a precatory expression of the testatrix imposing a moral, but not legally enforceable obligation on the substituted executor, Dwight Carleton.