In the Matter of the ESTATE OF Roy Dean FREEMAN, Deceased.

Linda Sue FREEMAN, as heir at law of Thomas Edward Long, and Jimmie Dale Long, Appellants,

v.

Pauline CHAPIN, Oren L. Freeman, Joseph E. Freeman, Lloyd Kenneth Freeman, Margie Arbelle Mochell, and Bobby Gene Freeman, Appellees.

No. 56623.

Court of Appeals of Oklahoma, Division No. 1.

July 6, 1982.

Rehearing Denied Aug. 10, 1982.

Certiorari Denied Sept. 28, 1982.

Released for Publication by Order of the Court of Appeals Oct. 1, 1982.

Larry Cantrell, Sapulpa, for appellants.
Philip McGowan, Tulsa, for appellees.

WILSON, Presiding Judge:

This probate contest is between the deceased's brothers and sisters, who were his heirs at law, and his stepsons, who were named contingent legatees in his will in case his wife predeceased him. The issue involves the effect of a divorce between the decedent and his wife.

The facts are not in dispute. Roy and Linda Freeman were married November 11, 1970. On November 3, 1972, each executed a separate Last Will and Testament leaving his or her property to the other. Each will named as contingent legatees Linda's two sons by a prior marriage. Specifically, Roy's will stated:

III. Provided, however, that in the event my said wife shall predecease me or shall die simultaneously with me or so nearly that it cannot be determined which of us survived the other, then and in such event, I do hereby give, devise and bequeath all of my said property, both real and personal, unto my wife's two children by a previous marriage, namely, Thomas Edward Long and Jimmie Dale Long in equal shares. . . .

On March 29, 1979, Roy and Linda were divorced. Roy Freeman died December 10, 1980. His will of November 3, 1972 was offered and admitted to probate.

The trial court resolved the controversy by ruling that because of the divorce Linda Freeman was precluded by 84 O.S.1981, § 114[1] from receiving anything under the will, that the wording above created an unambiguous condition precedent that Linda Freeman predecease Roy Freeman, and that since the condition had not occurred, nothing passed to the contingent legatees under the will. Accordingly, the court determined that the six brothers and sisters of Roy Freeman were the only persons entitled to share in the distribution of the estate.

This appeal was lodged by Linda Sue Freeman, as the heir at law of Thomas Edward Long, who died prior to the death of Roy Freeman, and Jimmy Dale Long. Contending that the trial court erred in not distributing Roy Freeman's estate to them as contingent legatees, appellants argue for the so-called majority rule. To support this position, they cite three cases from Oklahoma's neighboring states: *Calloway v. Estate of Gasser*, 558 S.W.2d 571 (Tex.Civ.

---

1. 84 O.S.1981, § 114 provides: "If, after making a will, the testator is divorced, all provisions in such will in favor of the testator's spouse so divorced are thereby revoked. Annulment of the testator's marriage shall have the same effect as a divorce. Provided, however, this section shall not apply if the decree of divorce or of annulment is vacated or if the testator remarries his former spouse.

App.1977); *Russell v. Estate of Russell,* 216 Kan. 730, 534 P.2d 261 (1975); and *Matter of Estate of Seymour,* 93 N.M. 328, 600 P.2d 274 (1979).

A review of these cases, and the authorities upon which they are based, shows that whether the "majority" or "minority" view is followed, courts have focused on the wording of the particular will in question, and have, with the aid of rules of construction, attempted to determine the intention of the testator. This, then, is our task in the case at bar.

In *Calloway,* the testatrix provided in her will that her estate was to pass to her husband if he survived her, but if not, then the estate was to be distributed in trust among numerous relatives with a remainder to certain charities. Testatrix and her husband were divorced before her death, and a Texas statute rendered the devise to him null and void. In the contest between the named contingent beneficiaries and the testatrix's heirs, the Texas Court stated:

> .... since it was the intention of the testatrix as determined from the four corners of her will that the contingent beneficiaries were to take if for any reason James Gasser [her husband] could not, the estate passed to the contingent beneficiaries named under the will.

The Court also said it was apparent from the meticulous manner in which the testatrix attempted to dispose of her estate that she intended to die testate. Thus, we see the Court examining the particular terms of a will and seeking the intent of the testatrix.

In *Russell,* the testator left his estate to his wife in a will providing that if she predeceased him, he devised one dollar to a son, one dollar to a daughter, and the rest of the estate to his adopted son. The wife divorced and survived the testator, and again a Kansas statute provided that a will provision in favor of a spouse is revoked by divorce. The Kansas Court, like the Texas Court, examined the factual circumstances

of the case, and concluded that the testator's intention with respect to the deposition of his property was clear. Thus, the contest of the two children who were given one dollar each in the will was denied.

In *Seymour,* the Supreme Court of New Mexico held that its Probate Code, though enacted after the will, applied to the case and would operate to revoke the principal bequest to her former husband because of the divorce. Still, the alternate disposition was upheld because New Mexico's Probate Code, modeled after the Uniform Probate Code, provided that property prevented from passing to a former spouse because of revocation by divorce passes as if the former spouse failed to survive the decedent.[2]

The Iowa case of *Porter v. Porter,* 286 N.W.2d 649 (1979) also discusses the cases on this subject. In a five-to-four decision, the majority held that a gift over to the testator's stepson, which was conditional upon the death of the testator's spouse, did not fail when the spouse survived the testator but was barred by an Iowa statute from taking under the will because of the divorce. The majority found from the wording of the will that the testator intended his estate should devolve upon his stepson if for any reason his wife could not take under the will. There, the will specifically stated it was the testator's desire to leave his estate as provided in the will and not to the named children, who contested the will and lost.

A case involving a will provision similar to that in the case at bar is *In re Estate of McLaughlin,* 11 Wash.App. 320, 523 P.2d 437 (1974). The testator bequeathed all his property to his wife, provided, however, "if she predeceased me," the property went to his wife's son, the testator's stepson. As is the usual situation in these cases, there was a death after a divorce. And, as usual, a state statute revoked the will as to the divorced spouse. Focusing as usual on the particular will, the Court held that the contingent bequest to the stepson did not take effect, stating:

**2.** Though § 2–508 of the Uniform Probate Code would answer the question in the instant case by treating the divorce as equivalent to death,

the Uniform Code has not been adopted in Oklahoma.

From the language of the will before us we are unable to perceive any such clear and unmistakable testamentary intent .... we are unable to determine that the testator's intent at the time of the execution of his will was other than expressed by the plain meaning of the language used. Since an express condition of the alternative bequest to Warren Pike [stepson] was that Ethel McLaughlin [wife] predecease the decedent, the bequest must fail.

Having examined the particular will at issue here, and the surrounding facts and circumstances, we conclude in the case at bar that there is no clear showing that Roy Freeman intended his estate should devolve to his stepsons except upon the specific condition that his wife predecease him. His will set out this condition clearly. Since the bequest to the stepsons depended upon the occurrence of the uncertain event by which it was to take effect, and since the event did not occur, the conditional disposition to the deceased's stepsons was defeated. *See,* 84 O.S.1981, §§ 179, 180 and 181.

The judgment of the trial court is AFFIRMED.

REYNOLDS, and BOX, JJ., concur.