DOWNEY, Judge.
Lila McGlone left a Last Will and Testament dated March 20,1970, which contained a bequest “to Glenn E. Ellstrom and Louise Ellstrom, his wife, or the survivor of them.” By identical language the Ellstroms were made beneficiaries of twenty-five percent of the residuary estate.
In June, 1981, Glenn and Louise Ellstrom were divorced, and in January, 1982, the testatrix died. During the course of the administration of her estate, Southeast Bank, as personal representative, filed a petition to determine heirs and beneficiaries. The trial court ruled that the bequest to Glenn and Louise lapsed because the testatrix intended the bequest to vest in Glenn and Louise as tenants by the entire-ties. This testamentary intention was gleaned by the court from the use of the words “his wife” following the names, Glenn E. Ellstrom and Louise Ellstrom. From that order this appeal was perfected.
The general rule is that, absent the manifestation of a contrary intention, a testamentary gift to the “husband” or “wife” of a designated person is intended as a gift to that person whether or not that person occupies that status at the time of the testator’s death. The addition of the term “husband” or “wife” is merely descriptio personae. The general rule is set forth in 80 Am.Jur.2d Wills, § 1224 (1975), as follows:
The cases generally support the conclusion that a testamentary gift to the “husband” or “wife” of a designated person may be claimed by the individual who occupied that status at the time the will was made despite a subsequent divorce or decree of nullification, unless it is clear from the language of the will and the accompanying circumstances that it was the testator’s intention that the gift should not go to a legatee occupying the changed relation resulting from a divorce. The presumption that the testator intended that the donee should take although divorced is strongly fortified where he or she is named as well as described as “husband” or “wife,” or where a lapse of some time occurs between the granting of the divorce and the death of the testator, the latter having ample opportunity to change his will during that time and being shown to have had knowledge of the divorce.... (Footnotes omitted.)
*442 The rule was similarly applied in Application of Carleton 105 Misc.2d 444, 432 N.Y. S.2d 441 (1980), and Matter of White, 82 Misc.2d 323, 369 N.Y.S.2d 330 (1975).
So as to dissipate any indication of a contrary intention, appellant adduced evidence demonstrating her close relationship with the deceased both during and after her marriage to Glenn. In addition, the provisions of the will directing that the bequest should pass to the survivor of Glenn and Louise evinces an intention that the property not be taken exclusively as a tenancy by the entirety.
Accordingly, the order appealed from is reversed and the cause is remanded with directions to reinstate the testamentary gifts to Glenn and Louise Ellstrom.
REVERSED AND REMANDED, with directions.
BERANEK and GLICKSTEIN, JJ., concur.