BOWLING, APPELLANT, *v.* DEATON ET AL., APPELLEES.

(No. CA85-07-043 — Decided March 17, 1986.)

*Holbrock & Johnson* and *John T. Willard,* for appellant.

*Patrick D. Long,* for appellees.

*Per Curiam.* This cause came on to be heard upon the appeal from the Court of Common Pleas of Warren County.

This case stems from a will executed by the decedent, Betty Jo Mace, during her marriage to Jesse Mace, Jr. The will named Jesse Mace, Jr. as beneficiary of the testatrix's entire estate. The will further stated that in the event Jesse Mace, Jr. failed to survive the testatrix, her estate was to be divided equally among the issue of the testatrix and Jesse Mace, Jr., Betty Jo Mace's three children from a prior marriage, and Jesse Mace, Jr.'s two children by his first marriage. Betty Jo and Jesse Mace, Jr. had no children born to them from their marriage. Betty Jo Mace's three children from her prior marriage are plaintiff-appellant, Tammy K. Bowling, and defendants-appellees, Teresa L. Deaton and Jack J. Byrd. Jesse Mace, Jr.'s two children from his first marriage are defendants-appellees, Jeffrey R. Mace and Daniel A. Mace.

Sometime after the execution of the will, Betty Jo Mace and Jesse Mace, Jr. obtained a divorce by decree of dissolution which contained a complete property settlement. Betty Jo Mace subsequently died, and her will was admitted to probate in the Warren County Probate Court where appellee, Teresa Deaton, was appointed executrix of the will.

According to R.C. 2107.33(C),[1] the devise to Jesse Mace, Jr. was revoked by the divorce. Since the alternate provision of the will provided for the estate to pass to all five children equally, appellant brought a declaratory judgment action to determine the validity of the devise to the minor children of Jesse Mace, Jr.

Subsequent to this action's being filed, defendant-appellee Sandra Coffey, the natural mother and guardian of Jeffrey R. Mace and Daniel A. Mace, filed a motion for judgment on the pleadings. The probate court referee heard the case and entered a decision in favor of appellees, recommending that the estate be divided equally among the five children. Appellant objected to this decision, and the case was then brought before the Court of Common Pleas of Warren County which upheld the referee's determination.

Appellant timely brings this appeal naming two assignments of error.

Appellant's first assignment of error is as follows:

"It was error for the trial court to find that former stepchildren named in the will of a decedent who died subsequent to the execution of said will and after a divorce with a complete separation agreement was rendered between the decedent and her former spouse that said children of the former spouse, being former stepchildren of the decedent, had any right to take under the will."

Appellant argues that since Betty Jo Mace's former husband was not able to inherit under the will as a matter of law, so should any rights to inheritance of children of a former spouse be denied.

Appellant contends the case of *Davis* v. *Davis* (P.C. 1970), 24 Ohio Misc. 17, 51 O.O.2d 388, 258 N.E. 2d 277, is the leading case in Ohio in this situation. William Davis executed a will

---

[1] R.C. 2107.33(C) states in pertinent part:

"If after executing a will, a testator is divorced * * *, or, upon actual separation from his spouse, enters into a separation agreement pursuant to which the parties intend to fully and finally settle their prospective property rights in the property of the other, * * * any disposition or appointment of property made by the will to the former spouse * * * shall be revoked unless the will expressly provides otherwise."

in 1949 while he was married to Pauline Davis. The will devised $100 to each of Davis's three children by a previous marriage, and the residue of his estate to Pauline Davis. However, in the event Pauline Davis should predecease him, the residue of the estate would go into trust for the benefit of William Davis III, who was born of the marriage. In 1967, the Davises were divorced. After the divorce, William Davis died, and his three children by his first wife contested the bequest to the trust.

The trial court determined that the bequest providing for the son's trust, was "* * * not revoked by the circumstances of the separation agreement and divorce decree. Only the provisions for the wife are revoked." (Citations omitted.) *Davis, supra,* at 25, 51 O.O.2d at 393, 258 N.E. 2d at 282. However, since the former spouse did not predecease the testator as conditioned by the will, the bequest to the trust must fail, and the manner in which the trust could be upheld would be if a gift by implication could be found. Since the trial court could not find evidence of a gift by implication, it ordered that all four of the decedent's children should take equally by intestate succession.

We note that courts from other jurisdictions cited by appellant follow the same line of reasoning as applied by the court in *Davis.* In the case of *In re Estate of McLaughlin* (1974), 11 Wash. App. 320, 523 P.2d 437, the court of appeals held that under a will whereby an alternate bequest to a stepson was conditioned so that he could take only if the testator's ex-wife predeceased the testator, the stepson was not entitled to anything under the will since the ex-wife survived the testator. See, also, *In re Estate of Freeman* (Okla. App. 1982), 651 P.2d 1071, which stated that situa-tions such as this could be resolved if in determining the validity of alternate bequests in wills, a divorce were to be treated as equivalent to death. See *In re Estate of Freeman, supra,* at 1073.

Since the *Davis* case was decided, the Ohio Legislature has in fact resolved the problem of alternate bequests in wills naming former spouses as beneficiaries enacting R.C. 2107.33(D). R.C. 2107.33(D) states in part:

"Property prevented from passing to a former spouse * * * because of revocation by this section shall pass as if the former spouse failed to survive the decedent * * *."

Therefore, since only bequests to a former spouse are specifically revoked due to the provisions of R.C. 2107.33 (C),[2] and since R.C. 2107.33(D) mandates that any alternate bequests in a will shall pass as if the former spouse failed to survive the decedent, we are required by statute to uphold the testatrix's alternate bequest. Thus, decedent's three children and her ex-husband's two children are each entitled to one fifth of the estate.

Accordingly, appellant's first assignment of error is not well-taken.

Appellant's second assignment of error is as follows:

"It was error for the trial judge to refer a case to a probate judge whose appointment as referee was confirmed by him when the trial judge as an active attorney had represented one of the parties in a case pending before the court, and the ultimate referral of the case to another common pleas judge after a hearing by the referee was not sufficient to cure any conflict, potential or otherwise, of interest."

Appellant contends under this assignment of error that the case *sub judice* was first assigned to the judge in

---

[2] If the legislature had intended to also revoke bequests to former stepchildren when a divorce occurs, it could easily have inserted language to that effect in R.C. 2107.33(C). However, such language is absent in the statute.

the Probate Court of Warren County; however, the judge had a conflict with hearing the case since he had represented appellees in a prior situation as an attorney in private practice.

Appellant objected to the probate judge's hearing the case, so the probate judge referred this case to the probate referee. Appellant was also informed by the judge that if the referee's decision were adverse, appellant could object, and the decision would be reviewed independently by another Warren County Court of Common Pleas judge, all of which subsequently occurred.

Appellant now contends that the probate judge did not follow proper procedure by referring the case to the probate referee, and that the judge should have immediately transferred the matter to another Warren County Court of Common Pleas judge, or that he should have appointed a visiting judge to hear the matter. We have no record of any objection made below to the probate judge's transfer of the matter to a referee, and therefore find that appellant has waived any such objection on appeal.

Accordingly, appellant's second assignment of error is not well-taken.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

KOEHLER, P.J., HENDRICKSON and CASTLE, JJ., concur.

CASTLE, J., retired, of the Twelfth Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.