In re the ESTATE OF Marco
W. ZAGAR, Deceased.

No. C2-92-877.

Court of Appeals of Minnesota.

Nov. 10, 1992.

Michael J. Talarico, Duluth, for respondents.

Richard K. Sellman, Hibbing, for appellant.

Considered and decided by NORTON, P.J., and HUSPENI and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

Appellant Rudolph Zagar, the personal representative of the Marco Zagar estate, filed a petition for construction of the will. The trial court found that Article II of the will was ambiguous, so that construction using parol evidence was permissible.

Based upon the testimony of respondent George Zeck, the court interpreted Article II to mean that the heirs under the will are testator's siblings: Margaret L. Zagar, Helen Bergstrom, and Rudolph G. Zagar; and the children of testator's deceased sister: George Zeck and Julie Johnson. Under this construction, the three living siblings would each receive 25 percent of the estate, and the testator's niece and nephew would split the remaining 25 percent.

## FACTS

Marco Zagar executed a will in 1987, stating in Article II:

I give, devise, and bequeath all property of which I shall die possessed to my three sisters, Julia Zeck, Margaret L. Zagar, and Helen Bergstrom, and to my brother Rudolph G. Zagar or to the survivors of them if any shall have died before me, equally, share and share alike.

Marco Zagar died in 1991. One of the named beneficiaries, Julia Zeck, predeceased him. The predeceased beneficiary was survived by her two children, George Zeck and Julie Johnson.

Because the trial court found Article II ambiguous, it construed the will based upon evidence introduced at trial. George Zeck testified that Marco Zagar had told him close to the time the will was executed that "the cousins would be taken care of." The court found this to be the best evidence of testator's intention, and thus construed the will to include testator's niece and nephew.

Contradictory evidence was offered by Rudolph Zagar. Vicky Shofner, the secretary of the now deceased attorney who drafted the will, testified that this attorney only used survivorship language of the kind present in this will for class gifts, where the surviving members of the class were intended to take.

### ISSUES

1. Did the trial court err in determining the will to be ambiguous?

2. Does the anti-lapse statute apply?

### ANALYSIS

■ Whether the language of a will is ambiguous is a question of law which the reviewing court may determine. *In re Peavey's Estate*, 144 Minn. 208, 211, 175 N.W. 105, 106 (1919).

#### 1. Ambiguity

■ In construing a will, the court should "ascertain the actual intention of the testator as it appears from a full and complete consideration of the entire will when read in light of the surrounding circumstances at the time of the execution." *In re Hartman's Trust*, 347 N.W.2d 480, 482–83 (Minn.1984). Only if there is ambiguity as to the intent of the testator may extrinsic evidence be admitted for clarification. *In re Campbell's Trusts*, 258 N.W.2d 856, 864 (Minn.1977). A will is ambiguous if, on its face, it suggests more than one

interpretation. *In re Estate of Arend*, 373 N.W.2d 338, 342 (Minn.App.1985).

■ Appellant contends that when a class gift contains language with respect to rights of survivors, the reference to survivorship is a choice of technical language, unambiguously indicating that surviving members of the class take the entire gift, and that this language contrasts with a legacy to a person which speaks of successor benefits for the heirs of that person. This position is consistent with holdings in several other jurisdictions, notably Illinois, where courts have held that the plain meaning of survivors cannot mean heirs, but only survivors among the class members named. *In re Estate of Kirchwehm*, 211 Ill.App.3d 1015, 156 Ill.Dec. 375, 378, 570 N.E.2d 851, 854 (1991); *Waugh v. Poiron*, 315 Ill.App. 78, 42 N.E.2d 138, 141 (1942).

While no Minnesota case expressly governs the decision here, indirect precedent supports appellant's interpretation of "survivors." *See In re Bell's Will*, 147 Minn. 62, 69, 179 N.W. 650, 653 (1920) (class gift, even without statement of succession to survivors, passes to remaining class members, excluding spouse of deceased member of class; such is the law even though succession stated for "descendants" of class members—a reference to children, in the context of Bell's will—and where no children survived deceased class members); *In re Peavey's Estate*, 144 Minn. at 214–215, 175 N.W. at 107 (assuming "survivors" to mean survivorship among class members, excluding spouse of deceased member). We thus adopt the view stated in Illinois decisions on class gifts, which we believe represents the majority view among the states.

Our conclusion is further supported by a proposition stated in two Minnesota Supreme Court decisions: *In re Crosby's Will*, 224 Minn. 173, 28 N.W.2d 175 (1947); and *In re Chase's Estate*, 182 Minn. 271, 234 N.W. 294 (1931). These opinions, like *Waugh*, observed that where a will is drafted by a lawyer, technical terms should be construed in their usual technical sense. *Crosby's Will*, 224 Minn. at 179, 28 N.W.2d

at 179; *Chase's Estate*, 182 Minn. at 275, 234 N.W. at 295. This is highlighted here by actual testimony of the legal secretary who noted the lawyer's pattern of employing survivorship language in class gift circumstances, in contrast with provisions expressly favoring heirs of predeceased legatees.

### 2. Anti-lapse Statute

We observe that Minnesota has an anti-lapse statute which protects devisees who predecease the decedent in certain circumstances. Minn.Stat. § 524.2–605 (1990). This statute, however, applies only when the intent of the testator is unclear. Minn. Stat. § 524.2–603 (1990). We find this will to be sufficiently clear to avoid considering the anti-lapse statute.

The Minnesota Supreme Court has applied the anti-lapse statute to a class gift in a case where there were no surviving class members. *In re Ulrikson's Estate*, 290 N.W.2d 757, 759 (Minn.1980). The *Ulrikson* court implied that had either sibling survived, effect would have been given to the class gift as expressed in the will, rather than applying Minnesota's anti-lapse statute. *Id.* We conclude that in the present case, where three of the four class members survived, application of the anti-lapse statute is similarly inappropriate.

### DECISION

Because article II of Marco Zagar's will is unambiguous, the trial court could not consider extrinsic evidence to determine the intent of the testator. Where survivorship language is used in a class gift, the beneficiaries are the surviving class members, not the heirs of predeceased members. In addition, where testator's intent is clear, the anti-lapse statute does not defeat the plain meaning of a will. The trial court's decision is reversed.

Reversed.