**In re ESTATE OF Ivan S. KERR, deceased.**

**No. C6–94–773.**

Court of Appeals of Minnesota.

Aug. 23, 1994.

Review Denied Oct. 14, 1994.

Arthur Sund Nelson, Robert B. Fine, Minneapolis, for appellant.

Mark C. McCullough, Skaar & McCullough, Minneapolis, for respondent.

Considered and decided by DAVIES, P.J. and SHORT and HARTEN, JJ.

## OPINION

SHORT, Judge.

By will, Ivan S. Kerr devised his estate to his wife, son, and stepdaughter. Before his death, he was incapacitated and then divorced. His will was not changed. By operation of Minn.Stat. § 524.2–508 (1992), the devise to his former spouse was revoked. This case raises the issue whether the divorce had an effect on testator's devise to his stepdaughter. The trial court determined the devise was valid.

## FACTS

On March 1, 1985, Ivan S. Kerr (testator) married Joan Valentine Kerr, now known as Joan Valentine Mohamed. The couple had no children together, but each had a child by a prior marriage. On July 2, 1985, testator executed a will in which he left a bequest to,

> all children of mine in being or who are born after the date of this Will including legally adopted children and shall specifi-

cally include my son, Kevin Scott Kerr, and my stepdaughter, Dawn M. Valentine.

Four months later, testator executed a codicil to correct a typographical error; the codicil made no substantive change and affirmed the last will.

In August of 1988, testator became incompetent as a result of Alzheimer's disease and was placed under a conservatorship. Testator's wife commenced a dissolution action and a dissolution decree was entered on December 29, 1988. Testator's wife remarried. On January 9, 1992, testator died unmarried. In October of 1992, testator's will was probated, and his son, Kevin Kerr, was named personal representative of the estate.

### ISSUE

Absent a contrary expressed intent, is the term "stepdaughter" a description or a condition limiting a bequest?

### ANALYSIS

■ The principle purpose of construing a will is to ascertain the testator's intent at the time of execution. *In re Will of Wyman*, 308 N.W.2d 311, 315 (Minn.1981). But extrinsic evidence of the meaning of a will is admissible only where the text of the will is ambiguous. *In re Will of Hartman*, 347 N.W.2d 480, 483 (Minn.1984); *In re Estate of Zagar*, 491 N.W.2d 915, 916 (Minn.App.1992). The trial court found that testator's will was not ambiguous. Whether the language of a will is ambiguous is a question of law which we review de novo. *Zagar*, 491 N.W.2d at 916 (citing *In re Peavey's Estate*, 144 Minn. 208, 211, 175 N.W. 105, 106 (1919)).

■ The son argues that testator's intent in defining the word "child" to include "my stepdaughter, Dawn M. Valentine," was to make a devise to a person occupying a particular position. But nowhere in the fifteen-page will or codicil is an intent expressed to exclude the stepdaughter if she ceased to be a stepdaughter because her mother was not married to the testator at the time of his death. We decline to read such a limitation into the document. *See In re Estate of Lutzi*, 266 Minn. 294, 303, 123 N.W.2d 618, 624 (1963) (in construing testamentary provi-

sions, court cannot supply words to bring about a claimed result); *In re Estate of Hoigaard*, 360 N.W.2d 360, 363 (Minn.App. 1984) (court's function is not to rewrite will), *pet. for rev. denied* (Minn. Mar. 21, 1985).

■ The will not only refers to a "stepdaughter," but it mentions the name of a specific individual. In the absence of a contrary intent, the word "stepdaughter," when used in conjunction with an individual's name, is a descriptive term which may not be distorted into a condition limiting the bequest. *See, e.g., In re Estate of McGlone*, 436 So.2d 441, 441 (Fla.App.1983) ("husband" and "wife" are descriptive terms, not limitations); *In re Will of Dezell*, 292 Minn. 179, 180–82, 194 N.W.2d 190, 191–92 (1972) ("daughter-in-law" does not suggest intent to exclude beneficiary if she does not remain married to settlor's son); *In re Application of Carleton*, 105 Misc.2d 444, 432 N.Y.S.2d 441, 443 (N.Y.Sur.Ct.1980) ("wife" is a descriptive term, not a limitation). In addition, the son failed to offer any evidence that a mistake was made in the drafting of the will. Under these circumstances, the will is not ambiguous.

■ The son also argues that the testator's marriage dissolution revokes the bequest to the stepdaughter. But a marriage dissolution only revokes the devise to a former spouse; all other provisions of the will remain intact. Minn.Stat. § 524.2–508 (1992). The legislature could have chosen to revoke gifts to relatives of a former spouse, but did not do so. Minn.Stat. § 645.16 (1992) (when words of law are clear, the letter of law shall not be disregarded under the pretext of pursuing the spirit). A testator will not necessarily be estranged from relatives of a former spouse. *Porter v. Porter*, 286 N.W.2d 649, 655 (Iowa 1979). Under these circumstances, the bequest to testator's stepdaughter is not revoked. *See McGuire v. McGuire*, 275 Ark. 432, 631 S.W.2d 12, 14 (1982) (named stepchildren entitled to receive under will after divorce in state with similar statute); *Bowling v. Deaton*, 31 Ohio App.3d 17, 31 O.B.R. 31, 507 N.E.2d 1152, 1154 (1986) (bequest to stepchildren upheld where

statute revoked only bequests to a former spouse).

■ In the absence of ambiguity, the trial court properly refused to allow the son to introduce extrinsic evidence of testator's intent or evidence of the nature of the relationship between testator and the stepdaughter. *Hartman*, 347 N.W.2d at 483. The plain intention of the testator, as manifested in his will, must govern. *Id.* at 484; *see In re Will of Cosgrave*, 225 Minn. 443, 449, 31 N.W.2d 20, 25 (intention which testator did not express in his will cannot be considered). We will not engage in speculation regarding what the testator would have intended had he foreseen a change in circumstances. *Hartman*, 347 N.W.2d at 484 (court cannot speculate what testator would have done).

### DECISION

The devise to Dawn Valentine was intended without regard to her status at the time of the testator's death. Because the devise was not revoked by the marriage dissolution of her mother and testator, the trial court properly determined that the devise was valid.

**Affirmed.**

DAVIES, Judge, dissenting.

I respectfully dissent.

In the factual context of this case, common sense suggests that the intent of the testator would have been to terminate the gift to the stepchild upon the end of his marriage to the stepchild's mother. I think it appropriate to take into account that Alzheimer's disease interrupted the ability of the testator to rewrite his will.